Commonwealth ex rel., Appellant, *v.* Matthews et al.

164

Argued January 26, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART and SCHAFFER, JJ.

*John P. Kelly,* with him *Paul H. Maxey,* Assistant District Attorney, *Edward J. Kelly* and *W. J. Fitzgerald,* for appellant.—The Act of 1929 is not a local one: Wheeler v. Phila., 77 Pa. 338; Com. v. Wert, 282 Pa. 575; Graeff v. Schlottman, 287 Pa. 342; Erie City's App., 297 Pa. 260; Blankenberg v. Black, 200 Pa. 629.

The method of collecting taxes may be changed by the legislature at their will: League v. Texas, 184 U. S. 156; Com. v. Topper, 219 Pa. 221.

The fact that the Act of 1862 is a local act does not prevent its repeal, and the same can be repealed without passing another local act and such a local act is repealed when the general intent of the legislature to establish a uniform system, can be gathered from the repealing act: Com. v. Brown, 210 Pa. 29; Com. v. Schmidt, 287 Pa. 150; Harrisburg v. Gas Co., 31 Pa. Superior Ct. 530; Com. v. MacFerron, 152 Pa. 244; Com. v. Summerville, 204 Pa. 300; Com. v. Moore, 255 Pa. 402; Hammond v. Aluminum Co., 261 Pa. 370; Lutz v. Matthews, 37 Pa. Superior Ct. 354; Sugar Notch Boro., 192 Pa. 349.

*Reese H. Harris*, of *Knapp, O'Malley, Hill & Harris*, with him *S. Augustus Davis*, for appellees.—The Act of May 8, 1929, P. L. 1643, is local and special legislation: Scowden's App., 96 Pa. 422; Com. v. Patton, 88 Pa. 258; Blankenburg v. Black, 200 Pa. 629; Scranton School District's App., 113 Pa. 176; Com. v. Gumbert, 256 Pa. 531; Ashworth v. Rys., 231 Pa. 539; Sample v. Pittsburgh, 212 Pa. 533; Beltz v. Pittsburgh, 26 Pa. Superior Ct. 69; Scranton v. Whyte, 148 Pa. 419.

If the Act of 1929, P. L. 1643, is a general act, then it has no application to the Scranton Poor District for the reason that it does not repeal the special acts creating and governing the affairs of the Scranton Poor District: Phila. v. Miller, 42 Pa. Superior Ct. 471; Com. v. Pottsville, 246 Pa. 468, 470-71; Com. v. Curry, 285 Pa. 289; Rutherford Water Co. v. Harrisburg, 297 Pa. 33; Com. v. Reese, 293 Pa. 398.

OPINION BY MR. CHIEF JUSTICE FRAZER, March 16, 1931:

This appeal is from a judgment rendered in favor of respondents in mandamus proceedings brought by John J. Owens, Esq., District Attorney of Lackawanna

County, to compel respondents, Directors of the Poor of Scranton Poor District, to deliver to Fred J. Huester, the duly elected collector of taxes in and for the City of Scranton, so much of the tax duplicate of the Scranton Poor District as was assessed and to be collected within the territorial limits of that city. Respondents demurred to the petition. Argument on the demurrer was heard by the court sitting in banc, and upon entry of judgment for respondents, petitioner appealed.

The Act of May 8, 1929, P. L. 1643, under which petitioner makes claim, provides for the creation of the office of collector of taxes for cities of the second class A and charges the incumbent of that office with the duty of collecting all city, county, school and poor taxes levied within the territorial limits of cities of that class. The act provides that the proper authorities of city, county, school and poor districts shall promptly turn over to the collector of taxes their respective tax duplicates covering assessments to be collected within such territorial limits, together with the warrant to collect the same. The petition for mandamus stated that Fred J. Huester had been elected tax collector for the City of Scranton, which city is of the second class A, had duly qualified and been installed, that the proper authorities had furnished him with tax duplicates and warrants authorizing collection of city, county and school district assessments within that municipality for the year 1930, but that the Directors of the Poor of the Scranton Poor District, part of which district lies within the limits of the city, had not turned over to Huester the duplicate and warrant covering taxes to be collected within the city limits for the Scranton Poor District and demanded the same for him. Respondents declined to recognize Huester in his demand for a duplicate and warrant as collector for the poor district, or any part of it, and refused his demand.

Upon the court issuing an alternative writ to the directors of the poor, they made answer, stating that the

Scranton Poor District was a municipal organization created by special acts of assembly (to wit: Act of April 9, 1862, P. L. 352; Act of June 4, 1879, P. L. 78; Act of May 16, 1866, P. L. 230, and Act of June 7, 1881, P. L. 48), that, acting under authority of these special acts of assembly, they had appointed Frank L. Martin as collector for the poor district and that the duplicate and warrant to collect the tax had been turned over by them to him. Respondents contend that the Act of May 8, 1929, P. L. 1643, did not supersede or repeal in whole or in part the above mentioned local legislation creating and governing the Scranton Poor District and accordingly they denied that Huester was the lawful collector for any portion of the poor assessments they had levied for the Scranton Poor District. The special acts of assembly creating and governing the Scranton Poor District, all of which were incorporated by reference in the answer, provide a system under which the directors of that district are to elect a tax collector and otherwise proceed as they did here. The Act of May 8, 1929, P. L. 1643, upon which petitioner bases his claim, is entitled: "An act relating to the collection of city, county, school and poor taxes within the territorial limits of cities of the second class A; establishing the office of collector of taxes therein; defining its duties and powers; changing the powers of and imposing duties upon cities of the second class A, counties, school districts and poor districts, and the officers thereof; and imposing penalties." The entire controversy is reducible to one question: Does the Act of 1929 supersede the special acts creating and governing the Scranton Poor District in so far as regards the officer who shall collect the poor taxes levied and collectible from residents and property owners within the territorial limits of the City of Scranton? The Act of 1929 does not affect the system established by the older acts of assembly in so far as concerns the collection of poor taxes within that part of the Scranton Poor District lying outside the city lim-

its; and inasmuch as there is no controversy upon this subject in the present case, we will not discuss that situation.

In entering judgment in favor of respondent directors of the poor, the court below declared the Act of 1929 unconstitutional.

Appellees contend that the Act of May 8, 1929, P. L. 1643, violates the Constitution because it is special or local legislation, regulating and reclassifying counties, school districts and poor districts, contrary to article III, section 7, of the Constitution, prohibiting the General Assembly from passing "any local or special law regulating the affairs of counties, townships, wards, boroughs or school districts," and article III, section 8, prescribing advertisement of local or special bills "in the locality where the matter or thing to be affected may be situated." Appellees argue that the act provides for classification of counties, school districts and poor districts not by population, which they admit may be constitutionally permissible, but on the basis of territorial and geographical considerations, which they contend is violative of the Constitution. There is little merit in this argument, as a reading of the act plainly shows that it was not passed for the purpose of reclassification—as that term is to be understood from the decisions of this court reviewing legislation which introduced new classes in the various political subdivisions of the State. The classification of cities denominated "Second Class A" was brought about by the Act of March 9, 1927, P. L. 18, whose constitutionality has not been heretofore, and is not now, questioned. On the general subject of classification of political and municipal divisions being local or special legislation which is not unconstitional, see Lloyd v. Smith, 176 Pa. 213, 218, and decisions under the constitutional amendment of 1923 (article III, section 34). The obvious purpose and effect of the Act of 1929 is to define the office of collector of taxes and the method by which taxes shall be collected by that officer,

within cities belonging to the second class A. In providing that this officer shall collect "all city, county, school, and poor taxes collectible within the territorial limits of cities of the second class A," the act necessarily places a limit upon the collector's sphere of activity. Being an officer of the city, he is without jurisdiction beyond the municipal limits. The mere fact that this limit upon the purview of the collector's office is a territorial or geographical limit which incidentally affects the Scranton Poor District, does not vitiate the statute on the grounds urged by appellees. Reference to cases passed upon by this court, in which acts of assembly were held to effect unlawful reclassification of political subdivisions, will show them to contain "special legislation under the attempted disguise of a general law": Scowden's App., 96 Pa. 422, 425. We find no such subterfuge in the act before us.

On the contrary, the evident intent and purpose of the Act of 1929 was to provide one collector to whom all "city, county, school, and poor taxes" collectible from the taxables "within the territorial limits" of cities of the second class A shall be paid. The fact that there is, at present, but one city in the State whose population brings it within the second class A, so that the uniform purposes of the act at this time do not have application to more than one tax collector in the State, is not sufficient to render the act special legislation, as in the natural progress of events other cities may come into the class: Blankenburg v. Black, 200 Pa. 629, 638. Also the mere fact that the poor district of the City of Scranton is not coextensive with that municipality, but excludes the city's 22d Ward and includes the Borough of Dunmore, and that the Act of 1929 has the effect of requiring the directors of the poor to abandon their practice of making one general duplicate for delivery to one tax collector, and henceforth provide two such duplicates, one for the City of Scranton and another for such

part of the poor district as is not within the city limits, cannot be said to affect the constitutionality of the act.

Appellants urge the further contention that if the Act of 1929 is general legislation, then, to the extent that it repeals the special acts creating the Scranton Poor District, it must be considered special, and if special, as it was admittedly not advertised in conformity with the provisions of article III, section 8, of the state Constitution, it is unconstitutional. The law as it has been enunciated by this court does not lead to the conclusion appellee urges when applied to the present situation. A general statute does not repeal by implication a local law with different or inconsistent provisions, as we stated in Com. v. Brown, 210 Pa. 29, 39. But, as we further said in that case, this rule is founded on a presumption of legislative intent, and is therefore not applicable where a contrary intent is clearly apparent; hence, where the clear general intent of the legislature is to establish a mandatory system, the presumption must be that the local acts were intended to be repealed. The Act of 1929 establishes a mandatory system; furthermore, the expression "all acts or parts of acts inconsistent herewith are hereby repealed," as contained in the present statute or in any general enactment, shows a legislative intent to repeal a local law to the extent of the inconsistency: Com. v. Moore, 255 Pa. 402, 408. The usual rule that a general statute does not repeal a special statute unless the purpose so to do is clearly manifest, is not a rule of positive law but of construction, and it must yield where there is a manifest legislative intention that the general act shall be of universal application notwithstanding the earlier local or special act: 25 R. C. L. 927, section 177. Indeed an intent to repeal inconsistent provisions of an earlier act may be inferred from the fact that provisions of the two acts are so repugnant and irreconcilable as to render it impossible for both to stand, as we held in Hammond v. Aluminum Co. of America, 261 Pa. 370, where the gen-

eral statute, establishing a general system, was silent on the matter of repeal. In the present case, the Act of 1929 is obviously enactive of a general system by which the office of all tax collectors and the general method of collecting shall be uniform in cities of the second class A, and was intended to repeal so much of the local acts of assembly creating and governing the Scranton Poor District as are inconsistent therewith, and does so repeal them without offending our fundamental law. Appellees urge that the Act of 1929 is unconstitutional inasmuch as it now applies to but one county, Lackawanna, it being the only county in the State which has within its boundaries a city of the population of Scranton; also, because it applies to but one school district, Scranton, for the same reason; and because it applies to but two poor districts, Jenkins and Scranton, for the like reason that they are the only poor districts in the State which include part of a city of the second class A. Appellee argues "no matter what other poor districts in the State reach the same population as the Jenkins or the Scranton they can never be affected by this act, unless there be in their territorial limits another city of the second class A size." This argument is untenable; as pointed out above, the Act of 1929 is not concerned with classifying poor districts or other political subdivisions. If, in defining the powers of the collector of taxes for all present and future cities of second class A, the act incidentally affects adjacent poor districts, that is neither tantamount to making a reclassification of poor districts, nor does it reduce an otherwise general enactment to a local one. As was said in Lutz v. Matthews, 37 Pa. Superior Ct. 354, 360, in discussing Chalfant v. Edwards, 173 Pa. 246, "The point decided in that case was that an act merely repealing a local law is itself a local law within the meaning of section 8, article III, of the Constitution, particularly if the object of the repealing act is not to make way for a general law, but another local one. This case however is not authority for the proposition

that a law which by implication or express terms is intended to operate throughout the State, and to supersede all inconsistent legislation, is a local or special law within the meaning of that section. Such a law is none the less a general law because it removes the barriers which would prevent its operation in particular localities. It is, therefore, not within the constitutional provision above mentioned." The general Act of 1929 did no more than "remove the barriers which would prevent its operation in certain localities."

Finally, appellees suggest that the author of the legislation was "in considerable doubt as to its constitutionality" because he included in its 12th section a statement that the provisions of the act are severable, and if any be declared unconstitutional, that decision shall not be construed to defeat the remaining provisions. This point, made as an argument against the validity of the statute, is patently opposed to the well-known theory upon which courts proceed to examine the constitutionality of legislation. It is a fundamental principle of statutory construction that, "in determining the constitutionality of an act of the legislature, courts will always presume in the first place that the act is constitutional. They also presume that the legislature acted with integrity, and with an honest purpose to keep within the restrictions and limitations laid down by the Constitution": Sutherland on Statutory Construction, volume 1, section 82, pages 133-4. The inclusion of clauses declaring that, in the event of partial unconstitutionality, the remaining severable provisions will stand, and that such is the legislative intent, does not alter this fundamental rule.

We accordingly conclude that the Act of 1929 under consideration is constitutional, and that the judicial process prayed for by petitioner should issue to the several respondents, the Directors of the Poor of the Scranton Poor District, commanding them to make and deliver to Fred J. Huester, Collector of Taxes for the City

of Scranton, a tax duplicate for such poor taxes as are to be collected within the territorial limits of the City of Scranton, together with a warrant to collect the same.

The judgment of the court below is reversed and the mandamus is directed to issue, costs to be paid by the Scranton Poor District.

Mr. Justice MAXEY did not sit at the argument of this case and did not participate in deciding the questions here passed upon.