## Loushay Appeal.

Argued April 16, 1952. Before DREW, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*R. Lawrence Coughlin,* for appellants.

*John P. Vallilee,* for appellees.

OPINION BY MR. JUSTICE BELL, May 27, 1952:

This is an appeal by the county commissioners of Bradford County from the court's order and judgment sustaining the report of the county auditors who surcharged the commissioners $1500. for "expenses" which they paid to themselves as officers of the county institution district for the period July 1-December 31, 1949, pursuant to the Act of May 14, 1949, P.L. 1359, 62 P.S. 2253. The lower court and the Superior Court held that the Act, insofar as it applies to commissioners in office at the time of its enactment, violated Article III, section 13 of the Constitution of Pennsylvania.

*Section 303* of the County Institution District Law of June 24, 1937, P.L. 2017, 62 P.S. 2253, provided: ". . . In every other county [including counties of the sixth class of which Bradford County is one] the commissioners, and in every county the treasurer, shall receive no additional compensation for services to the institution district. In every county the commissioners and treasurer shall be allowed their necessary expenses incurred in services for the institution district."

The Act of May 14, 1949, supra, amended Section 303 of the Act of June 24, 1937, supra, to read as follows: "Section 1 . . . . Section 303. Salaries and Expenses of Officers.—* . . . [In every other county the commission-

---

* Brackets and italics as they appear in the Act itself.

ers, and in every county the treasurer, shall receive no additional compensation for services to the institution district. In every county the commissioners and treasurer shall be allowed their necessary expenses incurred in services for the institution district.] *In addition, every county commissioner shall receive an allowance for expenses incurred in connection with the institution district as follows: ... (5) In sixth class counties, one thousand dollars ($1000) per annum. ...* Section 2. The provisions of this act shall become effective on July first, one thousand nine hundred forty-nine, and the additional expense allowance provided for herein shall terminate at the end of two (2) years after the effective date."

This Act, by its deletion, repealed that part of section 303 of the Act of June 24, 1937, which allowed the county commissioners their necessary expenses, and in lieu thereof provided that the county commissioners in counties of the sixth class should receive an allowance for expenses of $1,000. per annum effective July 1, 1949, and terminable two years thereafter.

The commissioners—appellants herein—were elected in November, 1947, and took office the first Monday of January, 1948. During the latter part of 1949, the county commissioners paid to each of themselves the sum of five hundred dollars or a total of fifteen hundred dollars out of institution district funds as an allowance for expenses in connection with the institution district for the period beginning July 1, 1949, and ending December 31, 1949. None of the commissioners filed an expense account covering that period. It was agreed that the commissioners had filed expense accounts for work in the institution district for previous years in the following amounts: 1945, $24.96; 1946, $74.41; 1947, $52.25; 1948, $104.89; first half of 1949, $1.65. The commissioners objected to this evidence on the ground that it was irrelevant and immaterial.

Was the surcharge proper?

The Constitution of Pennsylvania in Article III, section 13, clearly and unequivocally provides: "No law shall extend the term of any public Officer, or diminish or decrease his salary or emoluments after his election or appointment." Both the Court of Common Pleas and the Superior Court held that the Act of May 14, 1949 did not provide "an allowance for expenses," but in reality, i.e., in its nature, its practical operation and effect, it provided an increase in the salary or emoluments of the county commissioners and insofar as it applies to county commissioners elected prior thereto, it constituted a clear, palpable and plain violation of the Constitution of Pennsylvania, Article III, section 13. Cf. *Evans v. West Norriton Twp. Mun. Auth.*, 370 Pa. 150, 87 A. 2d 474; *Tranter v. Allegheny County Authority,,* 316 Pa. 65, 75, 173 A. 289; *American Stores Co. v. Boardman,* 336 Pa. 36, 6 A.2d 826; *Rich Hill Coal Co. v. Chesnut,* 355 Pa. 13, 47 A.2d 801. Both Courts accordingly held that the payments based upon the Act of May 14, 1949, were illegal and could be recovered by the County.

It is unnecessary to decide this important constitutional question which was discussed so thoroughly by Judge ROSENFIELD of the Court of Common Pleas and by President Judge RHODES of the Superior Court, for the reason that the Act of *May 14, 1949,* which was to take effect July 1, 1949, never became operative, since it was repealed by implication by the Act of May 23, 1949,* which took effect July 1, 1949,—a fact which the parties in interest failed to properly call to the attention of the Courts.

The same legislature which passed the Act of May 14, 1949, (which, as we have seen, amended section 303

---

* P. L. 1709, 62 P.S. 2253.

of the Act of June 24, 1937) passed on May 23, 1949, another Act which once again amended section 303 of the Act of June 24, 1937, *but without any reference to the amendment of May 14, 1949*. The Act of May 23, 1949, provides: "Section 1. Section three hundred three of the act, approved the twenty-fourth day of June, one thousand nine hundred thirty-seven entitled . . . is hereby amended to read as follows: Section 303. Salaries and Expenses of Officers.— . . . in every other county the commissioners, and in every county the treasurer, shall receive no additional compensation for services to the institution district. In every county the commissioners and treasurer shall be allowed their necessary expenses incurred in services for the institution district. *Every county controller shall receive an allowance for expenses incurred in connection with the institution district as follows*: . . . Section 2. The provisions of this act shall become effective on July first, one thousand nine hundred forty-nine, and the additional expense allowance provided for herein shall terminate at the end of two (2) years after the effective date."

Section 1 restated verbatim section 303 of the Act of June 24, 1937, but added an allowance for expenses for the county controller. The second section of the Act of May 14, 1949, and of May 23, 1949, were identical in the date they were to become effective and the termination of the additional expense allowance.

The Act of *May 23rd,* in its provision for "necessary expenses," was absolutely inconsistent with the Act of *May 14th* which provided for "the allowance of $1,000. per annum for expenses"; in that respect the two acts are inconsistent and irreconcilable and to that extent the intermediate Act of May 14th is repealed by impli-

---

* Italics appear in the Act.

cation: *U. S. Steel Co. v. Allegheny County,* 369 Pa.
423, 86 A. 2d 838; *Commonwealth ex rel. v. Taylor,* 159
Pa. 451, 28 A. 348; *Metcalf's Estate,* 319 Pa. 28, 179 A.
587; *Newton's Estate,* 354 Pa. 146, 47 A.2d 229; *Commonwealth ex rel. v. Matthews,* 303 Pa. 163, 154 A. 359;
*Bradley Election Case,* 352 Pa. 63, 42 A.2d 155; Article
V, section 75, Statutory Construction Act, May 28,
1937, P.L. 1019, 46 P.S. 575.

In *U. S. Steel Co. v. Allegheny County,* 369 Pa.,
supra, we said (page 429) : "Whenever two amendments
to an act are passed by the same legislature, they must
be construed together if reasonably possible, and each
must be sustained unless one expressly repeals the
other, *or unless they are so inconsistent* or conflicting
*in whole or in part as to be irreconcilable,* * in which
event the latest in date of final enactment prevails, and
operates, to the extent of the repugnancy, as a repeal of
the earlier amendment. . . . (page 433) Moreover, §75
of Article V of the Statutory Construction Act of May
28, 1937, supra, clearly covers and governs the existing
situation and likewise directly rules this case. It
provides: 'Section 75. Two or More Amendments to
Same Provision, One Overlooking the Other. Whenever two or more amendments to the same provision of
a law are enacted at the same or different sessions, one
amendment overlooking and making no reference to
the other or others, the amendments shall be construed
together, if possible, and effect be given to each. If
the amendments be irreconcilable, the latest in date of
final enactment shall prevail from the time it becomes
effective.' "

It is clear, therefore, that the provision of the Act
of May 14, 1949, with respect to the allowance of $1000.
annual expenses is inconsistent with and is repealed by

---

* Italics ours.

implication by the Act of May 23, 1949, and hence the county commissioners were entitled only to their necessary and legitimate expenses.

Appellants contend that they cannot be surcharged because of a general rule that officers are not liable for paying out public money in reliance on an unconstitutional statute where the payment was made in good faith before the law was held unconstitutional, citing therefor: 43 Am. Jur., Public Officers, §306, p. 111. Assuming, arguendo, this to be the general rule in Pennsylvania, it will not avail these appellants. The rule applicable to a situation such as here exists, is that payments made out of public funds by public officials *to themselves* as compensation or expenses, under an authorizing statute which is subsequently declared unconstitutional or inapplicable or void, may, because of public policy, be recovered by the County. *County of Allegheny v. Grier,* 179 Pa. 639, 36 A. 353; *Tucker's Appeal,* 271 Pa. 462, 114 A. 626; 40 Am. Jur., Payment, §210, p. 859.

Appellants also contend that the entry of a joint and several judgment against them in the amount of $1500 was improper. We find no merit in this or in their other contentions.

Judgment affirmed.

Mr. Justice JONES concurs in the result