## Hessler et al. v. York School District

*Henry B. Leader,* for plaintiffs.

*K. F. Ralph Rochow,* for defendant.

SHERWOOD, P. J., March 9, 1953.—This matter is before the court on preliminary objections filed by defendant to plaintiffs' complaint. On September 22, 1952, plaintiffs filed their complaint in assumpsit alleging that they are employed by the School District of the City of York as teachers of applied arts and vocational subjects, and that they were so employed during the 1950-51 and 1951-52 school terms. Each of the plaintiffs further averred that he had filed with the school district a certification from the Department of Public Instruction certifying that he had earned an additional 30 semester hours of credit in professional education in the teaching field in which he was engaged or in a field related thereto. Plaintiffs alleged that this certification entitled them to an increment in compensation, in addition to normal base salary

and increments, of $200 per year in accordance with sections 1144 and 1144.1 of the Public School Code of March 10, 1949, P. L. 30, as amended (hereinafter referred to as the code). The above allegations for present purposes must be accepted as true.

On October 10, 1952, the School District of the City of York filed preliminary objections to plaintiffs' complaint alleging that section 1144.1 of the code did not entitle plaintiffs to the additional increment of $200 per school term referred to in section 1144, but only to the increments in compensation set out in section 1142 of the code.

The question before the court is: Is a teacher of applied arts and vocational subjects who holds a standard certificate and who has earned an additional 30 semester hours of credit in professional education in the teaching field in which he is engaged, or a field related thereto, entitled to an additional increment in compensation of $200 per school term pursuant to sections 1144 and 1144.1 of the code?

Section 1142 of the code establishes a minimum base salary for public school teachers, and provides for a minimum number of annual service increases or increments in compensation. This section as last amended in 1951 (Acts of December 27, 1951, P. L. 1776, 24 PS §11-1142), fixed the minimum base salary for teachers holding a standard certificate at $2,400 per year and provided for a minimum of eight annual service increases or increments of $200 each; it fixed the minimum base salary for teachers holding a college certificate at $2,400 per year and provided for a minimum of 10 annual service increases or increments of $200 each; and it fixed the minimum base salary for teachers holding a master's degree at $2,400 per year and provided for a minimum of 12 annual service increases or increments of $200 each. Section

1142, supra, provides no financial incentive for a public school teacher to extend his professional training by acquiring a college certificate or a master's degree until he has received all of the annual increments to which he is entitled in his lower classification. This would normally defer such incentive until the holder of a standard certificate had been teaching eight years or until the holder of a college certificate had been teaching 10 years.

So that there would be an immediate financial incentive to teachers to pursue further training, the legislature provided in section 1144 of the code (24 PS §11-1144), inter alia, as follows:

"Additional Increments for College Certificate or Master's Degree—Any professional employee, . . . who, during the term of his employment, shall receive a college certificate or shall earn a master's degree, shall, commencing with the next succeeding school term, be entitled to the compensation prescribed for his new status, which shall be at least two hundred dollars ($200) in excess of the increment earned by him during the previous year."

This section granted an immediate annual increase, in compensation, of $200 to a teacher holding a standard certificate who took the initiative to earn a college certificate and a similar immediate increase to the holder of a college certificate who extended his training by earning a master's degree. This increase or increment is paid even though the teacher has not received all annual service increments to which he is entitled in his prior classification. As a result, a teacher meeting these requirements receives a $400 annual increment for the school year following the receipt of his college certificate or his master's degree.

The legislature, recognizing the special type of non-academic training required of teachers of applied arts

and vocational subjects, amended the code in 1949 by adding to section 1144 a new section numbered 1144.1 (Act of May 11, 1949, P. L. 1088, 24 PS §11-1144.1), which provides:

"Teachers of Applied Arts and Vocational Subjects —Teachers of applied arts and vocational subjects who hold a standard certificate shall be entitled to the same minimum salary and increments as teachers who hold a college certificate.

"Teachers of applied arts and vocational subjects who hold a standard certificate and have earned an additional thirty (30) semester hours of credit in professional education in the teaching field in which said teacher is engaged or related thereto shall be entitled to the same minimum salary and increments as teachers holding a Master's Degree."

The fact that these additional hours of credit were completed by plaintiffs, in their various teaching fields, was duly certified by the Department of Public Instruction and this certification was filed with the local school district.

Shall a teacher meeting the requirements of section 1144.1, under the language of the section, "be entitled to the same minimum salary and increments as teachers holding a Master's Degree"? We feel that this language, stripped of possible technical constructions, says quite clearly and plainly that a teacher meeting the requirements of the section shall, for purposes of compensation, be treated as one holding a master's degree. The word "increments" is not restricted to any particular increments and normal language usage would indicate that it included not only the normal annual service increments provided for in section 1142 of the code, but also the additional incentive increment authorized in section 1144.

Defendant school district in its preliminary objections contends that a teacher, in order to qualify for

the additional incentive increment provided in section 1144, must hold a master's degree, which under the terms of section 1141(5) of the code means a master's degree secured from an approved college or university "or its equivalent". The State Council of Education is directed to formulate equivalents for both a college certificate and a master's degree. Plaintiffs do not deny that a teacher can earn the additional incentive set out in section 1144 by obtaining credits "equivalent" to a master's degree; but to contend that this is the only method by which this additional incentive increment can be earned is to disregard section 1144.1 completely.

Section 1144.1 says, in effect, that in the case of a teacher of applied arts and vocational subjects the earning of 30 additional semester hours of credit in professional education in his field shall, for purposes of compensation, be treated as a master's degree. The section does not require the teacher to have a master's degree or its equivalent in order to enjoy the additional compensation for which it provides, and to construe it in such a manner is to disregard the clear language of the section. (Section 1144.1 was enacted on May 11, 1949, and amended the code, including section 1141(5), which was enacted on March 10, 1949; if there is conflict between the sections, then section 1144.1 must prevail.)

Should the provisions of sections 1144 and 1144.1 of the code be liberally construed to effect their objects and to promote justice? The Statutory Construction Act specifically defines the types of legislative enactments which shall be strictly construed and provides that all other provisions of law shall be liberally construed to effect their objects and to promote justice: Act of May 28, 1937, P. L. 1019, art. IV, sec. 58, 46 PS §558. Sections 1144 and 1144.1 are not among the types of legislation which are to be strictly construed

and should therefore be liberally construed to effect their objects, i.e., the fair compensation of teachers of applied arts and vocational subjects with incentive compensation to encourage further training in the skills in which such teachers instruct.

Although it seems that the words of the law are clear and free from ambiguity in that they direct payment of the additional incentive increment authorized in section 1144 to teachers meeting the requirements of section 1144.1, the legislative intent ascertained in accordance with article IV, sec. 51, of the Statutory Construction Act would also require such a construction of section 1144 and 1144.1. See Act of May 28, 1937, P. L. 1019, art. IV, sec. 51, 46 PS §551.

The School Code of 1949, including sections 1141 (5), 1142 and 1144 thereof, was approved on March 10, 1949. These sections established the minimum compensation payable to public school teachers, and provided incentive compensation for teachers holding standard certificates who acquire college certificates or their "equivalents" and for teachers holding college certificates who acquire master's degrees or their "equivalents". Section 1141 (5) made provision for ascertaining "equivalents" and directed that teachers of applied arts and vocational subjects should be given credit for practical experience in the field taught in arriving at equivalents.

Not satisfied that the above provisions took into account adequately the non-academic training of teachers of applied arts and vocational subjects, the legislature by a unanimous vote in both Senate and House, (See Legislative Journal for Sessions of 1949) passed section 1144.1, being the Act of May 11, 1949, P. L. 1088, sec. 1, 24 PS §11-1144.1. By the enactment of section 1144.1, the legislature was stating that it was not satisfied that section 1141 (5), 1142, 1143 and 1144 of the code adequately compensated teachers of applied

arts and vocational subjects, and declared that such teachers holding a standard certificate shall be compensated as if they held a college certificate and such teachers earning an additional 30 semester hours in their field, shall be compensated as if they had earned a master's degree. If we were to find, and it is of doubtful necessity, that section 1144.1 is not entirely consistent with the provision of section 1141(5) defining "Master's Degree", then the provisions of section 1144.1 must prevail inasmuch as it was the section enacted later in time: Act of May 28, 1937, P. L. 1019, art. IV, sec. 65, 46 PS §565; Loushay Appeal 370 Pa. 453.

In considering the occasion and necessity for the enactment of section 1144.1, the legislature enacted a series of statutes increasing the compensation of public school teachers in order to induce high caliber teachers to enter our public schools, to halt a serious loss of competent teaching personnel to private industry and to encourage existing teaching personnel to take additional training. This reflected a great public concern regarding the inadequate compensation being paid to our teachers and the impact of this deficiency on the quality of our schools. It was in this setting that section 1144.1 was enacted to supplement the Public School Code of 1949. Certainly it is inconceivable that the legislator reading this act would have intended any other result than that the teacher meeting its requirements should be paid the same compensation as a teacher holding a master's degree, and especially the incentive increment set out in section 1144, beside which original code section this new section was placed and with an identical number except for the addition of a digit.

If the interpretation of section 1144.1 urged upon the court by defendant were adopted, it would have these unfortunate consequences: (a) There would be

no financial incentive for teachers of applied arts and vocational subjects to pursue additional training for a period of 10 years or more, when they would reach the maximum compensation payable to them, in their existing classification, and (b) the code would provide an immediate additional incentive increment to teachers of academic subjects who earn a college certificate or a master's degree, but would not similarly compensate a teacher of applied arts and vocational subjects who earns an additional 30 semester hours of credit as provided in section 1144.1.

It seems clear that it is the policy of the legislature as expressed in the code to provide financial incentive to public school teachers to take additional training and to take it before 10 or more years intervene and a large part of their teaching career is over. The interpretation of section 1144.1 urged upon the court by defendant would repudiate this clear and desirable policy.

Section 1144.1 is a directive to the school directors of the Commonwealth of Pennsylvania, and it is the school boards of these districts who are called upon to interpret it. We feel that section 1144.1 clearly directs payment of the compensation here sought by plaintiffs. See Federal Deposit Insurance Corporation v. Board of Finance & Revenue of Commonwealth, 368 Pa. 463.

We, therefore, conclude that the preliminary objections filed by defendant to plaintiffs' complaint must be dismissed for the following reasons:

1. The language of section 1144.1 clearly and explicitly directs payment of the additional incentive increment authorized in section 1144 to teachers of applied arts and vocational subjects who earn 30 semester hours of credit in professional education in their teaching fields.

2. The provisions of the Statutory Construction Act favor an interpretation of sections 1144 and 1144.1 which would result in payment of the additional incentive increment authorized in section 1144 to teachers qualifying under the provisions of section 1144.1.

And now, to wit, March 9, 1953, at 10 a.m., it is ordered, adjudged and decreed that the preliminary objections filed by defendant to plaintiffs' complaint are dismissed.