**FORWARD TOWNSHIP SANITARY SEWAGE AUTHORITY and Forward Township Sanitary Sewage Authority Board Members, Christine Smith, Phillip Shushnar, Frederick Betzner, Tony Piscatelli, Phillip John Ripepi and Ronald DeBerardinis, in both their individual and official capacities, Appellants,**

v.

**TOWNSHIP OF FORWARD.**

Commonwealth Court of Pennsylvania.

Argued Oct. 4, 1994.

Decided Jan. 19, 1995.

Reargument Denied March 20, 1995.

Clifford B. Levine, for appellants.

Bernard M. Schneider, for appellee.

Before PELLEGRINI and KELLEY, JJ., and KELTON, Senior Judge.

KELLEY, Judge.

Forward Township Sanitary Sewage Authority (Authority) appeals from the August 4, 1994 order of the Court of Common Pleas of Allegheny County which denied Authority's petition to open peremptory judgment.[1] We affirm.

Authority is a municipal authority organized and incorporated by the Board of Supervisors of the Township of Forward (Township) pursuant to the Municipality Authorities Act of 1945 (Municipality Act).[2] Its purpose is to undertake sanitary sewage projects throughout Township.

Shortly after Authority was established in 1993, it incurred a debt of $350,000 in the form of a secured bank loan from PNC Bank. The loan was collateralized by a note and by the purchase of a certificate of deposit in the amount of $385,000. The source of the money for the purchase of the certificate of deposit was proceeds, in the amount of $1.3 million, which were transferred to Authority upon Township's sale of a pre-existing water authority. The amount of interest being earned on the certificate of deposit was less

---

1. Authority's notice of appeal states that it appeals both the trial court's order entering peremptory judgment and the order denying the petition to open peremptory judgment. However, it is clear that the latter order is the only one appealable. *Hamby v. Stoe*, 448 Pa. 483, 295 A.2d 309 (1972); *Parents Against Abuse In Schools v. Williamsport Area School District*, 140 Pa.Commonwealth Ct. 559, 594 A.2d 796 (1991). Authority's misconception in this regard has resulted in its drafting its arguments on appeal in such a manner that their main thrust appears to be directed on an attack on the entry of the peremptory judgment. However, since the notice of appeal states that Authority also appeals the denial of its petition to open judgment, we have broadly interpreted its arguments as being directed at the dismissal of its petition to open because that is the only order entered in this case which is properly appealable to this court.

2. Act of May 2, 1945, P.L. 382, *as amended*, 53 P.S. §§ 301–322.

than the amount being paid on the loan. In addition, due to a non-prepayment clause, the loan could not be prepaid, assumed or transferred for seven years.

On January 13, 1994, Township enacted Resolution 94–1 to dissolve Authority and directed Authority to convey to Township all property in which Authority had any right and title. Township then passed Resolution 94–6 which directed Authority to retire the outstanding loan with PNC Bank which waived its prepayment restrictions.

On February 1, 1994, Authority filed a complaint for declaratory judgment against Township in which it requested that the trial court determine the rights and duties of the parties and in which it alleged that Township had violated the Local Government Unit Debt Act (Debt Act)[3] by seeking to assume all of Authority's assets without assuming the debt associated with any Authority project. On April 29, 1994, Township filed a complaint in mandamus in which it asked the trial court to enforce the terms of Resolution 94–1. Authority filed a demurrer to the complaint and Township filed a motion for partial peremptory judgment.

By order dated July 15, 1994, the trial court directed that partial peremptory judgment be entered authorizing the following: (1) Authority must retire all outstanding debt with PNC Bank within 20 days of the execution of the order; (2) Authority must relinquish control of the operations of Authority, prepare and execute an inventory of all assets of Authority and turn over control of any and all bank accounts in its possession to Township within 30 days; and (3) Authority must convey all of its remaining assets to Township within 45 days.

On July 28, 1994, Authority filed with the trial court a petition to open the partial peremptory judgment and a motion to stay the trial court's order dated July 15, 1994.

On August 3, 1994, Authority filed with this court an appeal from the trial court's order dated July 15, 1994 and an application for a stay of that order. By order of this court dated August 4, 1994, Senior Judge Narick, upon consideration of Township's motion to quash Authority's appeal and stay application, quashed the appeal and dismissed Authority's stay application. Senior Judge Narick concluded that the appeal which was filed with this court before the trial court's ruling on Authority's petition to open the peremptory judgment was premature, interlocutory and unappealable.

By orders dated August 4, 1994, the trial court denied Authority's petition to open peremptory judgment and Authority's motion to stay. On August 5, 1994, Authority filed an appeal with this court from the trial court's orders dated July 15, 1994 and August 4, 1994. On August 5, 1994, Authority also filed an application for a stay of the trial court's orders dated July 15, 1994 and August 4, 1994. By order of this court dated August 9, 1994, Judge Friedman dismissed Authority's application for a stay as supererogatory because Authority was a political subdivision entitled to an automatic supersedeas pursuant to Pennsylvania Rule of Appellate Procedure 1736(b).[4]

On or about August 12, 1994, Township filed with the trial court an application to vacate the automatic supersedeas. By order dated September 1, 1994, the trial court granted Township's application without opinion. On September 8, 1994, Authority filed with this court an application for reinstatement of the automatic supersedeas or, in the alternative, for a stay of the trial court's order dated July 15, 1994. By order of this court dated September 12, 1994, Senior Judge Kelton granted Authority's application for a stay, pending this appeal. Senior Judge Kelton concluded that Authority had satisfied the criteria for a stay as set forth in

---

3. Act of July 12, 1972, P.L. 781, *as amended,* 53 P.S. §§ 6780–1 to 6780–607.

4. Pursuant to Pa.R.A.P. 1736(b), "[u]nless otherwise ordered pursuant to this chapter the taking of an appeal by any party specified in Subdivision (a) of this rule shall operate as a supersedeas in favor of such party." Pursuant to Pa.R.A.P.

1736(a), "[n]o security shall be required of . . . [a]ny political subdivision or any officer thereof, acting in his official capacity, except in any case in which a common pleas court has affirmed an arbitration award in a grievance or similar personnel matter." *See also Aitkenhead v. Borough of West View,* 65 Pa.Commonwealth Ct. 213, 442 A.2d 364 (1982).

*Pennsylvania Public Utility Commission v. Process Gas Consumers Group,* 502 Pa. 545, 467 A.2d 805 (1983).

■ Where a party appeals a denial of its petition to open a peremptory judgment, this court's scope of review is limited to determining whether the trial court abused its discretion. *Washowich v. McKeesport Municipal Water Authority,* 94 Pa.Commonwealth Ct. 509, 503 A.2d 1084 (1986). A trial court's refusal to open a peremptory judgment is an abuse of discretion where the judgment was entered based upon a misapplication or misinterpretation of the law. *Id.* at 513, 503 A.2d at 1086. In order to determine whether the trial court erred in refusing to open the peremptory judgment, this court must look to the law which governs mandamus actions. *Id.* at 513, 503 A.2d at 1086.

■ A peremptory judgment in a mandamus action is appropriately entered only where there exists no genuine issue of fact, and where the case is free and clear from doubt. *Shaler Area School District v. Salakas,* 494 Pa. 630, 432 A.2d 165 (1981). The burden of demonstrating that no genuine issue of material fact exists and that one is entitled to judgment as a matter of law is on the moving party, and the record must be examined in the light most favorable to the non-moving party. *Wolgemuth v. Kleinfelter,* 63 Pa.Commonwealth Ct. 395, 437 A.2d 1329 (1981).

■ Mandamus is an extraordinary writ and is a remedy used to compel performance of a ministerial act or a mandatory duty. *Borough of Plum v. Tresco,* 146 Pa.Commonwealth Ct. 639, 606 A.2d 951 (1992). In order to prevail in an action for mandamus, there must be a clear legal right in the appellee for performance of the ministerial act or mandatory duty, a corresponding duty in the appellant to perform the ministerial act or mandatory duty, and no other appropriate remedy available. *Equitable Gas Co. v. City of Pittsburgh,* 507 Pa. 53, 488 A.2d 270 (1985).

In this appeal, Authority argues that the trial court erred in entering peremptory judgment in mandamus because issues of fact and law existed under the Municipality Act and the Debt Act. Authority asserts that the trial court's decision contradicts statutory authority. It contends that since the trial court did not properly analyze the Municipality Act or the Debt Act and did not consider any evidence, it erred in concluding that Township could effectively dissolve Authority. We disagree.

■ The trial court's review of Township's motion for partial peremptory judgment was based entirely on issues of law, not on issues of material fact. Accordingly, the trial court did not abuse its discretion in denying Authority's petition to open peremptory judgment.

Authority was incorporated by Township pursuant to the Municipality Act. As such, Township's actions are governed by section 18(A) of the Municipality Act. 53 P.S. § 321(A). Section 18(A) provides:

> If a project shall have been established under this act by a board appointed by a municipality or municipalities, which project is of a character which the municipality or municipalities have power to establish, maintain or operate, and such municipality or municipalities desire to acquire the same, it or they may by appropriate resolution or ordinance adopted by the proper Authorities, signify its or their desire to do so, and thereupon the Authorities shall convey by appropriate instrument said project to such municipality or municipalities, upon the assumption by the latter of all obligations incurred by the Authorities with respect to that project.

■ This court has held that, pursuant to section 18(A), the legislature intended to permit a transfer of authority property by the unilateral action of a municipality in enacting a resolution. *Clearfield Borough v. Clearfield Borough Park Authority,* 4 Pa.Commonwealth Ct. 191, 285 A.2d 532 (1971). In *Clearfield Borough,* a borough passed a resolution indicating its desire to acquire an authority's property and demanded conveyance of such property to the borough. In a decision compelling such conveyance, this court noted that there is no requirement that the authority itself authorize the transfer of

property. *Id.* Moreover, pursuant to section 18(A), a municipality may, by ordinance, impose upon an authority the duty of executing the necessary documents for a transfer of all of the authority's property to its creating municipality. *County of Mifflin v. Mifflin County Airport Authority,* 63 Pa.Commonwealth Ct. 56, 437 A.2d 781 (1981).

At the same time, there is a limitation on the ability of an authority to convey a project to a municipality and that limitation is set forth in section 14 of the Municipality Act. 53 P.S. § 317; *Mifflin.* Section 14 provides in pertinent part:

> When any Authority shall have finally paid and discharged all bonds which, together with the interest due thereon, shall have been secured by a pledge of any of the revenues or receipts of a project, it may (subject to any agreements concerning the operation or disposition of such project) convey such project to the municipality or municipalities creating the Authority.... When any Authority shall have finally paid and discharged all bonds issued and outstanding and the interest due thereon, and settled all other claims which may be outstanding against it, it may convey all its property to the municipality or municipalities....

■ In *Mifflin,* a county attempted to assume the debt obligations of an authority through the passage of an ordinance to that effect. The county's action was held to be violative of the Debt Act because the county did not have the clear right to assume the debt obligations of the authority, simply by enacting an ordinance, without meeting the formalities required by the Debt Act.[5] *Mifflin,* 63 Pa.Commonwealth Ct. at 61, 437 A.2d at 783.

There was also a second impediment to conveyance found in *Mifflin.* In that case, there was a trust indenture for outstanding bonds which made the county's right to the transfer of authority property, which was an airport, doubtful under section 14 of the Municipality Act. *Mifflin,* 63 Pa.Commonwealth Ct. at 61, 437 A.2d at 783. The indenture stated, among other things, that the county's right to acquire the assets of the authority was limited to the authority's failure, neglect or cessation of operation of the airport. *Id.* at 60, 437 A.2d at 783. Since these prerequisites had not been met, the county could not proceed to acquire the property of the authority. *Id.* at 60–61, 437 A.2d at 783.

This court has noted that where there are no impediments under section 14 of the Municipality Act, and an authority is not foisting its debts upon a municipality without its consent, a municipality has the power to take over the project of an authority pursuant to section 18(A) of the Municipality Act. *Sullivan v. County of Bucks,* 92 Pa.Commonwealth Ct. 213, 239 n. 29, 499 A.2d 678, 692 n. 29 (1985).

■ In the present case, the trial court correctly concluded that, by virtue of section 18(A) of the Municipality Act, Township had the power to authorize Authority to comply with Resolutions 94–1 and 94–6. Authority was not required to approve of the transfer of property from Authority to Township. By means of Resolutions 94–1 and 94–6, Township sought to totally assume all aspects of any undertaking already begun by Authority. As such, there was no issue of material fact as to whether Township sought to acquire a particular "project" of Authority.

■ Moreover, there were no impediments pursuant to section 14 of the Municipality Act. The trial court found that, since PNC Bank was not a bond holder, there was no impediment with respect to a bond issue.[6]

---

5. The Debt Act requires, *inter alia,* the enactment of an ordinance authorizing the bonds or notes following a publication of the proposed ordinance; compliance with limits on the amount of debt a governmental unit may incur; the submission of a debt statement; an accepted proposal for the purchase of bonds or notes; and the enactment of an ordinance or resolution awarding the bonds. 53 P.S. §§ 6780–3, 6780–52, 6780–160, 6780–161, 6780–351 through 6780–360.

6. The term "bond" as defined in the Municipality Act means and includes "the notes, bonds and other evidence of indebtedness or obligations which each [a]uthority is authorized to issue pursuant to section ... [306B(i)] of ... [the Municipality Act]." 53 P.S. § 302(c). Section 306B(i) grants every authority the power "[t]o borrow money, make and issue negotiable notes, bonds ... and other evidences of indebtedness ... and to secure the payment of such bonds ...

In addition, PNC Bank had agreed to waive its non-prepayment restriction.

■ The Debt Act does not apply to Township's proposed plan of dissolution of Authority because Township is not assuming Authority's debt obligations. Rather, Township is imposing upon Authority the duty of retiring its outstanding loan with PNC Bank before Authority is dissolved. Resolutions 94–1 and 94–6 are specific as to Township's intention not to assume any debt. Supplemental Reproduced Record at 66b–71b. Moreover, in this case, there is no trust indenture under which any debt was authorized and/or secured. Since no trust relationship is in effect, there is no section 14 limitation as was recognized in *Mifflin.*

Pursuant to the provisions of the Municipality Act, the trial court found that Township's rights were clear, Authority's duty was clear and there were no legitimate impediments to Township's acquisition of Authority. Based upon the foregoing, we conclude that the trial court did not abuse its discretion in denying Authority's petition to open the peremptory judgment.

Accordingly, the decision of the trial court is affirmed.

### ORDER

NOW, this 19th day of January, 1995, the order of the Court of Common Pleas of Allegheny County, dated August 4, 1994, at No. GD 94–7308, is affirmed.

by pledge or deed of trust of all or any of its revenues and receipts, and to make such agreements with the purchasers or holders of such bonds ... as the [a]uthority shall deem advisable." 53 P.S. § 306B(i).

In this particular case, the loan transaction which is evidenced by the note in favor of PNC Bank is not secured by the receipts or revenues of any Authority project. *See* 53 P.S. §§ §§ 306B(i), 317. The loan transaction was collateralized by a certificate of deposit in the amount of 110% of the loan. Accordingly, the trial court did not err in concluding that PNC Bank was not a bond holder.