Annunziato DeGEORGE, Shirley Irene Kocher–Keller, and Henry L. Dalto, Auditors of Columbia County, Petitioners

v.

Chris E. YOUNG, William M. Soberick, and David M. Kovach, County Commissioners of Columbia County, Respondents.

Commonwealth Court of Pennsylvania.

Argued Dec. 12, 2005.
Decided Feb. 7, 2006.

---

**50**

James T. Shoemaker, Kingston, for appellants.

Anthony J. McDonald, Berwick, for appellees.

BEFORE: COLINS, President Judge, McGINLEY, Judge and COHN JUBELIRER, Judge.

1. Auditors are elected County officers.

2. Upon Auditors' request, the trial court, on May 27, 2005, amended its previous order dated April 29, 2005, pursuant to 42 Pa.C.S. § 702(b), to provide that the order "involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter." On July 21, 2005, this Court granted Auditors' petition for permission to appeal.

OPINION BY Judge COHN JUBELIRER.

Annunziato DeGeorge, Shirley Irene Kocher–Keller and Henry L. Dalto, Auditors of Columbia County (Auditors)[1] appeal, by permission, an interlocutory order of the Court of Common Pleas of the 26th Judicial District (Columbia County Branch) that denied their Motion for Peremptory Judgment.[2] Auditors filed a mandamus action to compel Chris E. Young, William M. Soberick and David M. Kovach, County Commissioners of Columbia County (Commissioners), to provide them the same health benefits[3] as Commissioners provide to themselves and every other County officer. Auditors moved for peremptory judgment arguing that, by its terms, Section 1556 of The County Code[4] requires the County to provide these benefits to them. Section 1556 provides:

> In addition to any other authorized compensation, *county commissioners and other county officers and their dependents* shall be eligible for inclusion in group life, health, hospitalization, medical service and accident insurance plans or other employe medical service and accident insurance plans, or other employe benefits, or payments made in lieu of such benefits, paid in whole or in part by the county, provided such plans, ben-

3. The Parties refer to "health benefits" throughout their briefs; however, Auditors' Complaint refers to "fringe benefits." (*See* Complaint ¶ 8.) The full list of "fringe benefits" is found in the original record as "Ex. A."

4. Act of August 9, 1955, P.L. 323, *as amended*, added by Section 1 of the Act of December 22, 2000, 16 P.S. § 1556.

efits or payments are offered generally to employes of the county.

16 P.S. § 1556 (emphasis added).

On May 24, 2005, the parties entered into a Stipulation which sets forth the following facts: 1) Auditors work approximately four months per year; 2) Auditors were offered health benefits by Commissioners for the four months they work; 3) Auditors were not offered full-time health benefits;[5] and 4) every other County officer is offered full-time health benefits by Commissioners.

On March 30, 2005 and April 15, 2005, oral argument was held on Auditors' motion. By Opinion and Order dated April 29, 2005, the trial court denied the motion. Focusing on the key words "eligible for inclusion" within Section 1556, the trial court applied the meaning of "eligible" found in Black's Law Dictionary[6] and held that the statute means that a County officer is "legally qualified" to be included in the privilege of receiving health insurance benefits. It found that the Legislature did not use mandatory language and, therefore, Commissioners were not required to provide Auditors with full-time health insurance. The trial court further noted that its interpretation "is buttressed by the words elsewhere in § 1556, 'paid in whole or in part,' confirming that Commissioners are granted discretion in deciding [whether] to pay for insurance fully or partially." (Op. at 2.) The trial court held that the decision to pay health benefits should be made by Commissioners, and not the courts, because it is a policy decision within the legislative province, and the courts have protected such decisions. Thus, it denied Auditors' motion. This appeal ensued.[7]

"In reviewing a trial court's grant of peremptory judgment in a mandamus action, our scope of review is limited to determining whether the trial court abused its discretion." *Advantage Dev., Inc. v. Bd. of Supervisors of Jackson Twp.,* 743 A.2d 1008, 1011 (Pa.Cmwlth.2000). A trial court abuses its discretion when it enters a judgment based upon a misapplication or misinterpretation of the law. *Id.* Thus, in determining whether the trial court misapplied or misinterpreted the law, this Court must look to the law governing mandamus actions. *Id.*

A writ of mandamus is an extraordinary remedy, and used to compel performance of a ministerial act or a mandatory duty. *Forward Twp. Sanitary Sewage Auth. v. Twp. of Forward,* 654 A.2d 170, 174 (Pa.Cmwlth.1995). Mandamus may only be granted where the moving party establishes a clear legal right, the defendant's corresponding duty and the lack of any other appropriate and adequate remedy. *Luzerne County Bd. of Comm'rs v. Flood,* 874 A.2d 687, 689 (Pa. Cmwlth.2005). A peremptory judgment in a mandamus action may be entered only where no genuine issue of material fact

---

**5.** The definition of "full-time health benefits" is not specifically defined in the record; however, we gather it to mean fully-paid health benefits offered year-round.

**6.** Black's Law Dictionary defines "eligible" as "[f]it and proper to be selected or to receive a benefit; legally qualified for an office, privilege, or status." *Black's Law Dictionary* 559 (8th ed. 2004).

**7.** The Pennsylvania State Association of County Auditors timely filed a reply brief as amicus curiae in support of Auditors' position. Thereafter, oral argument was entertained on December 12, 2005, before a three-Judge panel of this Court. On December 14, 2005, the County Commissioners Association of Pennsylvania filed an application to file a brief as amicus curiae, to which Auditors objected, and this Court subsequently denied on December 29, 2005.

exists, and the case is free and clear from doubt. *Forward Twp. Sanitary Sewage Auth.,* 654 A.2d at 174. The burden is on the moving party to demonstrate that no genuine issue of material fact exists and the party is entitled to judgment as a matter of law. *Id.* In considering Auditors' issues on appeal, we must keep these principles in mind.

■ Auditors argue that Section 1556 of The County Code is unambiguous, mandatory, and requires that they be offered the same full-time health benefits that are offered to every other County officer. First, they define the word "shall," when used in a statute, to mean "mandatory." *See Oberneder v. Link Computer Corp.,* 548 Pa. 201, 205, 696 A.2d 148, 150 (1997). Second, they define the word "eligible" as functionally synonymous with the word "entitle." *See Pataki v. Unemployment Comp. Bd. of Review,* 85 Pa.Cmwlth. 560, 483 A.2d 581, 582 (1984). Under their interpretation, because the health benefits are offered to Commissioners and other County officers, these benefits must also be offered to **all** County officers, including Auditors. Auditors also disagree with the trial court's suggestion that the statute is buttressed by the words "paid in whole or in part;" the Auditors believe it is more likely that the legislature chose those words to recognize that a county might only subsidize a portion of the cost of the benefits offered to all. Finally, the trial court's conclusion that Commissioners have complete discretion in determining to whom they will offer benefits, at best, renders the statute virtually meaningless and, at worst, violates the Equal Protection Clause.

Commissioners argue that they, in fact, determined Auditors to be legally qualified for inclusion in the privilege of receiving health benefits by offering to provide and pay for benefits during the period of time that Auditors actually work, which amounts to about four months per year. Additionally, the language in Section 1556, which states "paid in whole or in part," provides Commissioners **discretion** in determining whether to pay benefits fully or partially. 16 P.S. § 1556; *see also* 16 P.S. § 203 (vesting county commissioners with corporate power of their respective counties); *Cadue v. Moore,* 166 Pa.Cmwlth. 450, 646 A.2d 683, 686 (1994) (finding policy decisions are within the province of county commissioners). They contend that, in Columbia County, the typical county employee works 1,950 hours per year, whereas Auditors work approximately 540 hours per year. Thus, Commissioners argue that "it shocks the conscience" to think that the legislature intended to force a small county to provide expensive benefits to persons who work the limited number of hours as worked by Auditors and, had the legislature intended that, it would have used clear, mandatory language. (Commissioners' Br. at 3.)

■ We agree, in part, with both Auditors' arguments and Commissioners' arguments. While we agree with Auditors that the word "shall" means there is a mandatory duty, we disagree that the word "eligible" in Section 1556 of The County Code is synonymous with "entitle." Auditors improperly rely on *Pataki* for the proposition that they are entitled to full-time health benefits. *Pataki* does not control here because it is an unemployment compensation case, which based its decision on the purpose of the Unemployment Compensation Law and other specifics in that Law. The trial court appropriately turned to Black's Law Dictionary for guidance in defining the term "entitle," which means "[t]o grant a legal right to **or qualify for.**" *Black's Law Dictionary* 573 (8th ed. 2004) (emphasis added). Therefore, we cannot say that the trial court erred in finding,

based on the definition in *Black's,* that use of the word "eligible" in Section 1556 means a County officer is "legally qualified" to be included in the privilege of receiving benefits.

We also agree, in part, with Commissioners' argument that they possess the corporate power of their County and, therefore, have discretion in deciding whether to offer full-time health benefits to County officers. 16 P.S. § 203. However, in terms of deciding which County officers will receive full-time benefits, this discretion is not unlimited.

■ There is no precedent specifically interpreting Section 1556 of The County Code. However, this Court has applied a *strict construction* analysis when interpreting analogous statutes under The Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. §§ 65101–68701. *White Deer Twp. v. Napp,* 874 A.2d 1258 (Pa.Cmwlth.2005); *McCutcheon v. State Ethics Comm'n,* 77 Pa.Cmwlth. 529, 466 A.2d 283 (1983). In support for strict construction of this type of statute, the Supreme Court has stated that it is a:

> *well and wisely established principle of public policy in Pennsylvania that a public official may not use his official power to further his own interests ....* The reasons for this must be obvious—a man cannot serve two masters at the same time, and *the public interest must not be jeopardized by the acts of a public official who has a direct pecuniary or personal or private interest which is or may be in conflict with the public interest.*

*Genkinger v. City of New Castle,* 368 Pa. 547, 551–52, 84 A.2d 303, 305–06 (1951) (emphasis added). Thus, because this is our first interpretation of Section 1556, we must strictly interpret this provision so as not to allow Commissioners to improperly discriminate in their own favor.

At oral argument, counsel for Commissioners conceded that Jury Commissioners are most comparable to Auditors in that they are County officers who work a limited number of hours. However, Jury Commissioners, as well as all other County officers, including Commissioners, are offered full-time health benefits notwithstanding how many or few hours they work. For all County officers, other than Auditors, Commissioners have made a decision to offer full-time health benefits, which is unrelated to the actual time County officers work.

■ The language used in Section 1556 authorizes as eligible to receive these benefits, *"county commissioners and other county officers and their dependents ...."* 16 P.S. § 1556 (emphasis added). However, Section 1556 conditions offering these benefits only "provided such plans, benefits or payments are *offered generally* to employes of the county." *Id.* Therefore, as long as those benefits are offered *generally* to county employees, they can be offered to County officers. However, the statute describes "county commissioners and other county officers and their dependents" together as *one group* to whom benefits may be offered. We note that the phrase "their dependents" refers to the dependents of *both* Commissioners and other County officers. Strictly construed, this provision does not vest Commissioners with unbridled discretion to decide to offer certain benefits to themselves and certain County officers (such as Jury Commissioners) and not to others that are similarly situated (such as Auditors). Importantly, allowing Commissioners unlimited discretion over which County officers receive benefits can give Commissioners influence over Auditors, whose job it is to audit and report on the financial accounts of Com-

missioners.[8] This has the potential to threaten and undermine the Auditors' independence, which is necessary for them to perform their job. Thus, Section 1556 does not permit Commissioners to treat Auditors differently than all other County officers.

■ We appreciate Commissioners' fiscal arguments regarding the costs that providing certain benefits can impose on a small county. We note that our opinion does not unduly limit the Commissioners' legislative authority to decide whether to provide benefits to County officers, and on what basis. However, the statutory authorization that permits them to provide such benefits to themselves and other County officers is not unlimited. Because Section 1556 does not bestow unlimited discretion on Commissioners to determine to whom they wish to provide full-time health benefits and, because this type of statute must be strictly construed so as not to conflict with the public interest, we hold that Commissioners cannot treat similarly situated County officers differently than they treat themselves and others. Therefore, we find that the trial court abused its discretion in not granting peremptory judgment in favor of Auditors.

Accordingly, the order of the trial court is reversed.

**8.** Auditors comprise a quasi-judicial body having powers which are statutorily derived from The County Code in Sections 1720–1730, 16 P.S. §§ 1720–1730. These powers enable Auditors to discharge their official duties, which include the power to take notice of any illegal disbursements of public funds by County officers whose accounts they are empowered to audit, and to surcharge any County officer who misappropriates such funds. *Appeals of Loushay*, 169 Pa.Super. 543, 83 A.2d 408, 412 (1951), *aff'd*, 370 Pa. 453, 88 A.2d 793 (1952); *see generally* 16 P.S. § 703. In addition to auditing, settling, and

*ORDER*

**NOW,** February 7, 2006, the order of the Court of Common Pleas of the 26th Judicial District (Columbia County Branch), in the above-captioned matter, is hereby reversed.

adjusting the accounts of all County officers, Auditors must also make an annual report thereof to the County Court of Common Pleas. 16 P.S. § 1721. This report must be detailed and show "distinctly and separately all receipts and expenditures of the several offices, and all debts and accounts due, and the amount raised from each source of revenue, and the expenditures in detail and classified by reference to the object thereof, together with a full statement of the financial conditions of the county, and a statement of the balance due...." 16 P.S. § 1721(a).