**Jerome OLSON, Jury Commissioner of Elk County, Pa., Appellant**

v.

**June SORG, Christine Gavazzi, and Daniel Freeburg, Commissioners of Elk County, Pa. and Elk County, Pa., A Municipal Corporation.**

Commonwealth Court of Pennsylvania.

Argued Sept. 4, 2007.

Decided Oct. 3, 2007.

Russell J. Heiple, Johnstown, for appellant.

Thomas G. Wagner, St. Marys, for appellee.

BEFORE: McGINLEY, Judge, and LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Jerome Olson (Olson), Jury Commissioner of Elk County, appeals from a decision of the Court of Common Pleas of the 59th Judicial District (Elk County Branch) (trial court) which denied Olson's post-trial relief and granted declaratory judgment to June Sorg, Christine Gavazzi and Daniel Freeburg, the Commissioners of Elk County and Elk County (Collectively, County). We affirm.

The County is a sixth class county which elects officers for county commissioner, prothonotary, clerk of courts, recorder of deeds, register of wills, sheriff, treasurer, district attorney, coroner, auditor and jury commissioner. On December 20, 2004, the County adopted County Resolution 2004–16 (Resolution) which provides in pertinent part as follows:

> BE IT FURTHER RESOLVED that effective January 1, 2006, the Jury Commissioners shall no longer be eligible to receive any fringe benefits otherwise payable to or for the benefit of county employees;
>
> AND BE IT FURTHER RESOLVED that effective January 1, 2008, the elected County Auditors shall no longer be eligible for fringe benefits otherwise payable to county employees.

At the time the Resolution was adopted, the County had a personnel policy that no part-time employees hired after May 1, 1992, were eligible for fringe benefits. On January 1, 2001, all appointed county officers, including the county solicitor, public defender, sealer of weights and measures and MH/MR referee, had been made ineligible for fringe benefits. The County had 157 full-time employees and 39 part-time employees in January of 2006, and none of the part-time employees received fringe benefits but all of the full-time employees did receive them. A part-time employee was defined by the County as someone who worked less than 35 hours per week if salaried or less than 40 hours per week if paid hourly. In 2006, the annual cost for hospitalization benefits ranged from $4,034.04 for a single employee to

$12,851.52 for an employee and his/her family.

In November of 2005, Olson was elected to the position of Jury Commissioner for the term of January 1, 2006 through December 31, 2009. In 2006, the Jury Commissioner's annual salary was set at $6,186.70 and typically, he worked ten (10) to fifteen (15) days each year. The Jury Commissioner is not on call and does not supervise any other employees. The position of Coroner, also an elected position, was not addressed in the Resolution. The Coroner position was deemed to be more like a full-time position, as the Coroner is on call 24 hours a day, seven days a week, he oversees a number of deputy coroners and received a salary of $22,462.44 in 2006.

On May 1, 2006, Olson filed a complaint for declaratory judgment with the trial court seeking to set aside the Resolution as he alleged that it violates Section 1556 of The County Code and denies him equal protection under the law.[1] The County filed an answer alleging that it acted properly in adopting the Resolution and that the Resolution was not discriminatory.

■ After discovery, Olson filed a motion for summary judgment and argument was held. After argument, the trial court dismissed the motion for summary judgment, prompting Olson to file a motion for post-trial relief. Such motion was denied by the trial court with an order entering judgment in favor of the County. Olson now appeals the matter to our court.[2]

Olson contends that the trial court erred in determining that the Resolution is not illegal and in derogation of Section 1556 of The County Code; in failing to determine that Section 1556 entitles Olson to the County's fringe benefits; in failing to determine that the County has abused its discretion in denying Olson fringe benefits while providing them to the County Coroner; and in denying him equal protection under the law.[3]

Our court has addressed the application of Section 1556 of The County Code in *DeGeorge v. Young*, 892 A.2d 48 (Pa. Cmwlth.2006), *appeal denied*, 588 Pa. 785, 906 A.2d 544 (2006). In *DeGeorge*, various auditors of Columbia County appealed an interlocutory order of the Court of Common Pleas of the 26th Judicial District (Columbia County Branch) that denied their motion for peremptory judgment. The auditors filed a mandamus action to compel the Columbia County commissioners to provide them with the same health benefits as the commissioners provided to themselves and every other county officer. The auditors moved for peremptory judgment arguing that Section 1556 of The

---

1. Act of August 9, 1955, P.L. 323, *as amended,* added by Section 1 of the Act of December 22, 2000, 16 P.S. § 1556 provides in pertinent part as follows:

   In addition to any other authorized compensation, county commissioners and other county officers and their dependents **shall be eligible** for inclusion in group life, health, hospitalization, medical service and accident insurance plans or other employe benefits, or payments made in lieu of such benefits, paid in whole or in part by the county, provided such plans, benefits or payments are offered generally to employes of the county. (Emphasis added).

2. Our review of a trial court's decision denying a motion for post-trial relief is limited to determining whether the trial court abused its discretion or committed an error of law. *Kramer v. Port Authority of Allegheny County*, 876 A.2d 487, 493 (Pa.Cmwlth.2005).

3. Along with Jury Commissioner, the position of Auditor, also an elected position, was determined not to meet the definition of 'full-time' employee under the County's personnel policies and was also excluded from participation in the County's fringe benefits program. However, the elected position of Coroner was considered full-time and within the County's fringe benefits program.

County Code required the county to provide these benefits to them.

The trial court applied the definition of "eligible" found in Black's Law Dictionary to Section 1556 of The County Code and determined that the statute means "that a County officer is "legally qualified" to be included in the privilege of receiving health insurance benefits ... and that the Legislature did not use mandatory language and, therefore, Commissioners were not required to provide Auditors with full-time health insurance." *DeGeorge*, 892 A.2d at 51. The trial court denied the auditors motion.

The auditors appealed to our court. We determined that the trial court was correct in its determination that "eligible" meant "legally qualified", but ultimately reversed its decision finding that:

> Because Section 1556 does not bestow unlimited discretion on Commissioners to determine to whom they wish to provide full-time health benefits and, because this type of statute must be strictly construed so as not to conflict with the public interest, we hold that **Commissioners cannot treat similarly situated County officers differently than they treat themselves and others.** (Emphasis added).

*Id.* 892 A.2d at 54.

In the present controversy, we agree with the trial court that the County did not err in classifying the office of Jury Commissioner, along with that of Auditor, separately from the other elected official positions. We note that the position of Jury Commissioner is not a full-time position, in that the Jury Commissioner only works ten (10) to fifteen (15) days per year, is paid only $6,186.70 a year and is not required to supervise or manage any other employees. All of the elected officials, except Jury Commissioner, Auditor and Coroner, work in an office Monday through Friday, 8:30 a.m. to 4:30 p.m. each week of the year, except for designated holidays, manage at least two employees and receive an annual salary of at least $16, 870.00 per year.[4]

As the positions of Jury Commissioner and Auditor are most similar to that of a part-time employee, the trial court did not err in determining that the County was acting within its discretion in treating the Jury Commissioner like other persons similarly situated within the County.

Next, Olsen contends that the Resolution violates Section 1556 of The County Code because the Resolution states that the Jury Commissioners are "no longer eligible to receive any fringe benefits" and Section 1556 states that county officers "shall be eligible for inclusion" in fringe benefit plans.

The Resolution is defining a class of persons that will not be permitted to receive fringe benefits due to the fact that their position is most similar to that of a part-time employee. As we stated in *DeGeorge*, Section 1556 merely gives the County the option of including these persons in the county benefits plan if they so choose, as long as they do not treat similarly situated employees differently. Thus, as long as the County treats similarly situated individuals the same, the Resolution does not violate Section 1556 of The County Code.

---

4. The Auditor is also a position with limited days, 115 days per year, limited salary, $11,535.65 annually, and no management responsibilities. The Coroner position was not excluded from receiving fringe benefits. The Coroner position was distinguished from that of Jury Commissioner and Auditor by the facts that the Coroner is on call 24 hours, 7 days a week, oversees a number of deputy coroners, and received a salary of $22,462.44 in 2006.

The County distinguished between full and part-time employees in determining eligibility for fringe benefits. The County further determined that the position of Jury Commissioner and Auditor were most similar to that of a part-time employee. Thus, the trial court did not err in determining that the County did not violate Section 1556 of The County Code in its adoption of the Resolution.

■ Finally, Olson argues that he has been denied equal protection under the law. Our Supreme Court in *Curtis v. Kline*, 542 Pa. 249, 666 A.2d 265 (1995) discussed the principal of equal protection in pertinent part as follows:

The essence of the constitutional principle of equal protection under the law is that like persons in like circumstances will be treated similarly. However, it does not require that all persons under all circumstances enjoy identical protection under the law. The right to equal protection under the law does not absolutely prohibit the Commonwealth from classifying individuals for the purpose of receiving different treatment, and does not require equal treatment of people having different needs. (citations omitted).

*Id.* at 255, 666 A.2d at 267–68. "So long as a classification is reasonable and based upon some ground of difference having a fair and substantial relation to the objective of the classification so that similarly situated individuals are treated alike, it is permissible." *Correll v. Department of Transportation*, 726 A.2d 427, 430 (Pa. Cmwlth.1999).

A review of the record reveals that the County established a compelling basis for classifying the elected offices of Jury Commissioner and Auditor separately from other elected offices. Benefits are provided only to full-time employees within the County. Since the Jury Commissioner and Auditor did not meet that definition, they were placed within the classification of part-time employees. As the position of Jury Commissioner is most similar to that of a part-time employee, the trial court did not err in this classification.

Accordingly, we must affirm the decision of the trial court.

### ORDER

AND NOW, this 3rd day of October, 2007 the Court of Common Pleas of the 59th Judicial District (Elk County Branch) in the above-captioned matter is affirmed.