David PIRILLO, Nikita Rugg, Suzanne Swanson, Linda R. Hessley, and Richard Campbell, Appellants

v.

Stephen VANCO, John Eggleston, and John Bortz, Commissioners of Warren County.

Commonwealth Court of Pennsylvania.

Argued June 17, 2013.
Decided Aug. 8, 2013.

Bernard J. Hessley, Warren, for appellants.

Rene H. Johnson, Warren, for appellees.

BEFORE: LEAVITT, Judge, and COVEY, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge LEAVITT.

Appellants, David Pirillo, Nikita Rugg and Suzanne Swanson (Auditors) and Lin-

da R. Hessley and Richard Campbell (Jury Commissioners) appeal an order of the Court of Common Pleas of the 37th Judicial District (Warren County Branch) (trial court) denying and dismissing their complaint for declaratory judgment. In this case we consider whether the County Commissioners of Warren County abused their discretion by reducing the Jury Commissioners' base salary and eliminating fringe benefits for all Appellants. Finding no error in the trial court's denial of declaratory relief, we affirm.

On December 7, 2010, the County Commissioners held a special public meeting for the purpose of adopting wage rates and benefits for the county's elected officials whose four-year terms commenced January 1, 2012. As reflected in the minutes of the meeting, the County Commissioners took the following actions:

> Motion was made by Commissioner Terry L. Hawk, and seconded by Commissioner John R. Bortz, Jr. to raise the wages [for elected officials] 2.5% for 2012, 2% each year for 2013 through 2015 and benefits will follow the terms and conditions set forth in the collective bargaining unit in the department or office from which the elected official retires.... This is for all elected officials except for Jury Commissioners and Auditors. Motion carried.

> Motion was made by Commissioner John R. Bortz, Jr., seconded by Commissioner Terry L. Hawk to raise the wages 2.5% for 2012, 2% each year for 2013 through 2015 and no benefits for

> Auditors beginning 2012. Motion carried.

> \*     \*     \*

> Motion was made by Commissioner John R. Bortz, Jr., seconded by Commissioner Terry L. Hawk to pay the Jury Commissioners the minimum state mandated wage contingent on the class of county we will fall under once we receive the census information. This will be ... $2,000 per year for 2012 through 2015 if we remain a sixth class county [1] and no benefits. Motion carried.

Reproduced Record at 44a (R.R. _____).[2] It is undisputed that Appellants all work less than 20 hours per week, which would make them "part-time" employees under the County Employee Handbook if they were county employees.[3] Appellants are the only County officers who do not work a full-time schedule of 35 hours per week. None of the Appellants supervise other employees or work "on call".

Appellants filed a complaint for declaratory relief, arguing that the County Commissioners abused their discretion by increasing the salaries of all county officers except for the Jury Commissioners, whose salaries were reduced, and by continuing to provide fringe benefits to all county officers except for Appellants. Appellants sought a declaration that (1) as elected officers in Warren County, they are entitled to the same benefits as the other elected officers enumerated in Section 401(a) of the County Code, 16 P.S.

---

1. Warren County remained a sixth class county after the results of the 2010 census were compiled.

2. According to Appellants' brief, the Jury Commissioners' annual base salary for 2011, before the salary reduction, was $8,319.21. Appellants' Brief at 11.

3. The Warren County Handbook defines "part-time" employment as follows:

> 1. A "part time" employee is one who works 20 hours or less per week.
> 2. Employees in this classification receive no fringe benefits.

R.R. 50a.

§ 401(a),[4] and (2) the base salary for Jury Commissioners should be reinstated to its 2011 level and be subject to the percentage increases granted to other elected officers beginning in 2012.

The trial court denied declaratory relief by order dated October 3, 2012. Appellants appealed to this Court and also sought reconsideration of the trial court's order. At a status conference, the County Commissioners stipulated that the Jury Commissioners would, in fact, receive the same percentage salary increases as other elected County officers beginning in 2012. The trial court denied reconsideration.

On appeal,[5] Appellants raise two issues for our consideration. First, Appellants argue that the County Commissioners abused their discretion by reducing the base salary of the Jury Commissioners. Second, Appellants contend that the County Commissioners exceeded their statutory authority under Section 1556 of The County Code, 16 P.S. § 1556,[6] by eliminating Appellants' fringe benefits.

Beginning with Appellants' second issue, they argue that the trial court erred because the County Commissioners abused their discretion in eliminating Appellants' fringe benefits. Specifically, Appellants assert that the County Commissioners ex-ceeded their authority under Section 1556 of The County Code, which states:

> In addition to any other authorized compensation, county commissioners and other county officers and their dependents shall be eligible for inclusion in group life, health, hospitalization, medical service and accident insurance plans or other employe benefits, or payments made in lieu of such benefits, paid in whole or in part by the county, provided such plans, benefits or payments are offered generally to employes of the county.

16 P.S. § 1556. Appellants contend that denying benefits only to them discriminates among similarly situated elected officials, which this Court held is impermissible in *DeGeorge v. Young*, 892 A.2d 48 (Pa.Cmwlth.), *appeal denied*, 588 Pa. 785, 906 A.2d 544 (2006). The County Commissioners rejoin that *DeGeorge* is distinguishable and that this Court's decision in *Olson v. Sorg*, 933 A.2d 677 (Pa.Cmwlth. 2007), *appeal denied*, 596 Pa. 756, 947 A.2d 738 (2008), is controlling.

In *DeGeorge*, the Columbia County Commissioners decided to offer full-time health benefits to all county officers except auditors, regardless of the actual hours per week the county officers worked. The county's auditors filed a mandamus action to compel the county commissioners to

---

4. Act of August 9, 1955, P.L. 323, *as amended*, 16 P.S. § 401(a). Section 401(a) states that the qualified electors in each county shall elect three county commissioners, three auditors (or one controller), one treasurer, one coroner, one recorder of deeds, one prothonotary, one clerk of the court of quarter sessions and of the court of oyer and terminer, one clerk of the orphans' court, one register of wills, one sheriff, one district attorney and two jury commissioners. 16 P.S. § 401(a).

5. An appellate court's standard of review in a declaratory judgment action is limited to determining whether the trial court committed a clear abuse of discretion or an error of law.

*Vernon Township Volunteer Fire Dept., Inc. v. Connor*, 579 Pa. 364, 374, 855 A.2d 873, 879 (2004). "An appellate court may not substitute its judgment for that of the trial court if the determination of the trial court is supported by competent evidence." *Id.* In a case where the issues are questions of law, the standard of review is *de novo* and the scope of review is plenary. *Vanderhoff v. Harleysville Insurance Co.*, 606 Pa. 272, 279, 997 A.2d 328, 333 (2010).

6. Section 1556 of The County Code was added by the Act of December 22, 2000, P.L. 1019, 16 P.S. § 1556.

provide them the same health benefits the commissioners provided to themselves and other county officers. The trial court denied relief. On appeal, this Court held that the phrase "eligible for [health insurance]" in Section 1556 of The County Code is not synonymous with "entitled to." We continued, however, that Section 1556, strictly construed, "does not vest [county] [c]ommissioners with unbridled discretion to decide to offer certain benefits to themselves and certain [c]ounty officers (such as [j]ury [c]ommissioners) and not to others that are similarly situated (such as [a]uditors)." *DeGeorge*, 892 A.2d at 53. Accordingly, we reversed the trial court's order denying the auditors' motion for peremptory judgment.

In *Olson*, the Elk County Commissioners adopted a resolution terminating the eligibility of jury commissioners and auditors for fringe benefits. One of the jury commissioners brought a declaratory judgment action seeking to set aside the resolution on the grounds that it violated Section 1556 of The County Code and his right to equal protection under the law. In affirming the trial court's entry of judgment in favor of the county, this Court noted that the positions of jury commissioner and auditor were most similar to that of a part-time employee, which was defined as someone who worked less than 35 hours per week if salaried or less than 40 hours per week if paid hourly. All of the county's full-time employees received benefits; none of its part-time employees did. Accordingly, we held that the county acted within its discretion, and did not violate Section 1556 or this Court's holding in *DeGeorge*, because it had treated the jury commissioners and auditors as it treated other part-time county employees who also did not receive fringe benefits. Stated otherwise, similarly situated employees were treated alike.

■ Applying the above precedent to the case at bar, we agree with the trial court that *Olson* is controlling. Appellants all work less than 20 hours per week, which the County Handbook defines as "part-time" employment. The County does not offer fringe benefits to its part-time employees. Therefore, as in *Olson*, the County Commissioners did not abuse their discretion by treating Appellants as they did their similarly situated part-time counterparts. *DeGeorge* is distinguishable because in that case the county commissioners did, in fact, treat similarly situated individuals differently, and unfairly, by singling out auditors as ineligible for the benefits which all other county officers enjoyed, including those who worked part-time. In short, we hold that the County Commissioners did not abuse their discretion in terminating Appellants' fringe benefits.

■ We next consider Appellants' argument that the County Commissioners abused their discretion by reducing the base salary of the Jury Commissioners to *"the minimum state mandated wage ... or $2,000 per year for 2012 through 2015...."* R.R. 44a (emphasis added). Appellants' primary argument is that, just as the discretion of the County Commissioners over fringe benefits is not "unbridled," *DeGeorge*, 892 A.2d at 53, their authority to fix the salaries of elected officers is not unlimited.[7] The County Commis-

---

7. Appellants also assail the County Commissioners' failure to (1) adopt an ordinance or official enactment memorializing the wage and benefit changes, and (2) explain their rationale in the official minutes of the December 7, 2010, meeting. Appellants offer no authority, however, for their position that the County Commissioners had to do either of these things. In any event, we agree with the trial court that the County Commissioners

sioners respond that they complied with the General Salary Act in fixing the Jury Commissioners' salaries, which was all that was required under Pennsylvania law.

The General Salary Act governs the compensation of, *inter alia*, county officers, including jury commissioners, in counties of the second through eighth classes. Section 10.1(a) of the Act grants county commissioners "the power to fix the salary of all county officers governed by the provisions of this act." 16 P.S. § 11011–10.1(a). Section 10 of the Act states, in pertinent part:

> The annual salaries of jury commissioners shall be as follows:
>
> \* \* \*

|  | | January 1, 1980 |
|---|---|---|
| (6) Counties of the sixth class | [$]2,000 | [$]3,000 |

16 P.S. § 11011–10.[8] Section 10.1 of the Act also sets forth the procedures county commissioners must follow when fixing the salaries of county officers. Pertinent to the instant appeal is Section 10.1(e) of the Act, which states:

> (e) *Any salary increase shall be on a percentage basis and applied equally to all county officials* except that the county commissioners may provide a greater percentage salary increase to the lowest paid county official, other than the jury commissioners or county auditor, until

his salary is equal to the other county officials except the jury commissioners, county auditors, district attorneys and county commissioners.

16 P.S. § 11011–10.1(e) (emphasis added).[9]

Here, the County Commissioners have complied with Section 10 of the General Salary Act, 16 P.S. § 11011–10, by resetting the Jury Commissioners' annual base salary to the statutorily designated minimum for counties of the sixth class. The County Commissioners also stipulated that the Jury Commissioners would receive the

---

8. complied with Section 10.1 of what is commonly referred to as the General Salary Act, Act of November 1, 1971, P.L. 495, added by the Act of November 1, 1979, P.L. 246, *as amended*, 16 P.S. § 11011.10–1, which this Court has noted "does not require that the salary proposal actually be 'adopted' or that any other official action be taken at the special public meeting, but mandates [only] that notice be given of 'intention to *fix* salaries at a special public meeting.'" *Belitskus v. Stratton*, 830 A.2d 610, 614 (Pa.Cmwlth.2003) (emphasis original). The minutes of the County Commissioners' December 7, 2010, "special meeting," which was advertised and held in compliance with Section 10.1(b) of the General Salary Act, 16 P.S. § 11011–10.1(b), plainly state that "the purpose of tonight's meeting is to adopt the wage rates and benefits for the elected officials whose four year terms go into effect January 1, 2012 through December 31, 2015." R.R. 44a.

8. We note that Appellants do not challenge the County Commissioners' stated belief that the statutory minimum annual base salary is $2,000 even though that figure is incorrect under Section 10 of the General Salary Act, 16 P.S. § 11011–10. Section 10 of the *original* Act fixed the minimum annual salary of jury commissioners in counties of the sixth class at $2,000. However, effective January 1, 1980, the minimum annual salary was raised to $3,000. *See* Section 10 of the Act of November 1, 1979, P.L. 246. It is assumed that the minimum annual salary is what will be imposed, including any future amendments to the General Salary Act.

9. Section 10.1(b) and (d) of the General Salary Act contain notice and timing requirements for the special public meeting at which salaries are fixed. 16 P.S. § 11011–10.1(b), (d). It is undisputed that the County Commissioners complied with these requirements, so they are not at issue in this appeal.

same percentage salary increases adopted at the December 7, 2010, public meeting for other elected county officers beginning in 2012. Thus, the County Commissioners complied with Section 10.1(e) of the General Salary Act because the percentage salary increases "applied equally to all county officials." 16 P.S. § 11011–10.1(e). *De-George* is inapposite because that case had nothing to do with the General Salary Act; it concerned only the discretion of county commissioners under Section 1556 of The County Code to offer benefits to certain county officers but not to others. In summary, the County Commissioners complied with the General Salary Act in fixing the Jury Commissioners' annual base salary, and that was all that was required of them.

For all of the foregoing reasons, the order of the trial court is affirmed.

### ORDER

AND NOW, this 8th day of August, 2013, the order of the Court of Common Pleas of the 37th Judicial District, Warren County Branch, in the above-captioned matter, dated October 3, 2012, is AFFIRMED.

