# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Susanne Straub Schneider, | : | |
| Elk County Prothonotary | : | |
| | : | |
| v. | : | No. 1043 C.D. 2017 |
| | : | Argued: April 12, 2018 |
| Elk County Board of Commissioners, | : | |
| Janis E. Kemmer, Chairperson | : | |
| Daniel R. Freeburg, Commissioner | : | |
| Matthew Quesenberry, Commissioner, | : | |
| Appellants | : | |

**BEFORE:  HONORABLE MARY HANNAH LEAVITT, President Judge**
**HONORABLE P. KEVIN BROBSON, Judge**
**HONORABLE PATRICIA A. McCULLOUGH, Judge**

**OPINION BY JUDGE BROBSON**          **FILED:  June 29, 2018**

The Elk County Board of Commissioners (Board of Commissioners), Chairperson Janis E. Kemmer (Chairperson Kemmer), Commissioner Daniel R. Freeburg (Commissioner Freeburg), and Commissioner Matthew Quesenberry (Commissioner Quesenberry) (collectively, County Appellants),[1] appeal from an order of the Court of Common Pleas of the 59th Judicial District, Elk County Branch (trial court).  Elk County Prothonotary Susanne Schneider (Schneider) instituted this action, seeking a writ of mandamus following the removal of her husband from her healthcare coverage.  The trial court granted Schneider the requested mandamus

---

[1] The County Commissioners' Association of Pennsylvania (Association) filed an amicus curiae brief pursuant to Pa. R.A.P. 531.  The arguments of the Association align closely with those advanced by County Appellants.

relief and ordered County Appellants to reinstate Schneider's spousal coverage benefit.[2] The trial court also denied County Appellants' motion for post-trial relief. For the reasons set forth below, we reverse.

## I. Background

Elk County (County) residents elected Schneider to her position as Prothonotary in 2011 (term commencing January 2012) and reelected her in 2015 (term commencing January 2016). During Schneider's first term, the County healthcare plan covered Schneider's husband and the spouses of other County employees. On August 11, 2015, the Board of Commissioners amended its healthcare plan to limit spousal coverage.[3] Under the new limitation, if an employee's spouse has access to an employer-sponsored healthcare plan, "the spouse shall be required to obtain coverage from that employer and shall not be eligible for coverage from Elk County." (Original Record (O.R.), Item No. 10, Ex. D, at 17.) The limitation on spousal coverage was set to become effective

---

[2] Mandamus is an extraordinary remedy used to compel a public official's performance of a ministerial act or mandatory duty that does not involve the exercise of discretion. *Chadwick v. Dauphin Cty. Office of the Coroner*, 905 A.2d 600, 603 (Pa. Cmwlth. 2006), *appeal denied*, 917 A.2d 847 (Pa. 2007). Mandamus requires a showing that: (1) the petitioner has a clear legal right to relief, (2) the official owes the petitioner a duty, and (3) there are no other adequate remedies at law. *Wilson v. Pa. Bd. of Prob. & Parole*, 942 A.2d 270, 272 (Pa. Cmwlth. 2008). Mandamus is not the appropriate means to establish legal rights, but rather it is a means to enforce those rights which are already established. *Jamieson v. Pa. Bd. of Prob. & Parole*, 495 A.2d 623, 625 (Pa. Cmwlth. 1985). Mandamus does not lie where there are other remedies available, such as a declaratory judgment action. *Hamm v. Bd. of Educ. for Sch. Dist. of Phila.*, 470 A.2d 189, 191 (Pa. Cmwlth. 1984).

[3] Pursuant to Section 1701 of The County Code, Act of August 9, 1955, P.L. 323, 16 P.S. § 1701, "[t]he county commissioners shall be the responsible managers and administrators of the fiscal affairs of their respective counties in accordance with the provisions of this act and other applicable law."

immediately before Schneider's second term began.[4]  In addition to spouses without access to employer-sponsored healthcare, coverage would continue for the spouses of County employees who were members of a union.[5]  The spouses of fourteen County employees, including Schneider's husband, were removed from coverage as a result of the new limitation on spousal coverage.

Schneider filed a complaint on December 31, 2015, alleging that the removal of her husband from her healthcare coverage constituted a violation of Section 1556 of The County Code,[6] a violation of what is commonly referred to as the Salary and Emoluments Clause of the Pennsylvania Constitution,[7] and

---

[4] The exact date that the spousal limitation became effective is unclear from the record. While the County's original notification to Schneider indicates that the policy would become effective on January 1, 2016, (Reproduced Record (R.R.) at 34a), the parties' stipulations at trial indicate that the policy became effective January 4, 2016.  (R.R. at 24a.)  Regardless, the parties appear to agree that Schneider's husband would not be covered during her second term as Prothonotary.

[5] According to the trial court, over half of the County employees are members of a union, governed by four separate collective bargaining agreements.  (R.R. at 115a.)

[6] Added by the Act of December 22, 2000, P.L. 1019, 16 P.S. § 1556.  Section 1556 of The County Code provides:

> In addition to any other authorized compensation, county commissioners and other county officers and their dependents shall be eligible for inclusion in group life, health, hospitalization, medical service and accident insurance plans or other employe benefits, or payments made in lieu of such benefits, paid in whole or in part by the county, provided such plans, benefits or payments are offered generally to employes of the county.

[7] The Salary and Emoluments Clause of the Pennsylvania Constitution provides:

> No law shall extend the term of any public officer, or increase or diminish his salary or emoluments, after his election or appointment.

Pa. Const. art. III, § 27.

unconstitutional discrimination in violation of her rights to equal protection under the law.[8] (Reproduced Record (R.R.) at 5a-7a, ¶¶ 8-21.)

On January 22, 2016, County Appellants filed an answer with new matter. County Appellants averred that Schneider's husband has no claim under the Salary and Emoluments Clause because he is not a county officer. County Appellants then averred that Schneider's husband is not a "dependent" and, therefore, is not entitled to protection under Section 1556 of The County Code. Finally, County Appellants averred that there was no discrimination because the spousal coverage limitation under the County's new healthcare plan applied to Schneider in the exact same manner it applied to County employees generally. Schneider denied the averments in County Appellants' new matter.

On September 15, 2016, the trial court conducted a bench trial. Rather than provide testimony, the parties filed written stipulations with the trial court. In

---

[8] The Equal Protection Clause of the United States Constitution provides:

> No State shall . . . deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. XIV, § 1. Equal protection under the Pennsylvania Constitution stems from Article I, Sections 1 and 26, which together constitute the "equal protection guarantee." Article I, Section 1 of the Pennsylvania Constitution provides:

> All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.

Pa. Const. art. I, § 1. Article I, Section 26 of the Pennsylvania Constitution provides:

> Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right.

Pa. Const. art. I, § 26.

addition to the facts reflected above, the parties stipulated to the following pertinent facts:

14. On August 11, 2015, Defendants [(County Appellants)] amended the County health care plan to remove from eligibility for coverage the spouses of employees who have an employer-sponsored group health care plan, effective January 1, 2016.

15. As of January 2016, Plaintiff's [(Schneider)] spouse was eligible to participate in a group health care plan provided by his employer.

16. As a result of Defendants' action to amend the County health care plan, beginning in January of 2016 Plaintiff's spouse was ineligible for coverage under the County health care plan, and had to pay for his own healthcare.

(R.R. at 25a, ¶¶ 14-16 (citation omitted).)

Regarding those affected by the amended healthcare plan, the stipulations continued:

20. Defendant Janis Kemmer is an elected Commissioner of Elk County. Her husband has been, and continues to remain, on Elk County's health insurance plan. He is a retired farmer.

21. Peter Weidenboerner is the elected Register/ Recorder of Elk County. His wife has been, and continues to remain, on Elk County's health insurance plan. She is not employed.

22. Peggy Schneider is the elected Treasurer of Elk County. Her husband has been, and continues to remain, on Elk County's health insurance plan. He is retired.

23. Defendant Matthew Quesenberry is an elected County Commissioner, who entered office on January 4, 2016. Prior to that date he was a full-time employee of the County. His wife is employed and has health insurance coverage through her

5

employer. She was removed from coverage on the County health care plan in January of 2016.

24. Defendant Daniel Freeburg is an elected County Commissioner who is serving his third term. His wife is employed and has health insurance coverage through her employer. She did not participate in the County plan prior to 2016 and is not a participant now.

(R.R. at 26a, ¶¶ 20-24.)

The amended healthcare plan, attached to the stipulations, provides:

The County of Elk provides coverage for all eligible full-time employees following their one-month orientation period, followed by a 90-day waiting period, in accord with the Affordable Care Act of 2014.[9] If a position is changed from part-time to full-time, the employee occupying that position will be eligible for coverage the first full month following the change.

. . .

If an employee's spouse has an employer-sponsored group health care plan, the spouse shall be required to obtain coverage from that employer and shall not be eligible for coverage from Elk County.

(O.R., Item No. 10, Ex. D at 17.)

On December 23, 2016, the trial court filed an order and opinion, granting Schneider mandamus relief and ordering County Appellants to reinstate Schneider's spousal coverage. The trial court rejected County Appellants' argument that Schneider's husband was not a "dependent" under Section 1556 of The County Code. The trial court reasoned that County Appellants treated Schneider's husband

---

[9] What is customarily referred to as the "Affordable Care Act" consists of two pieces of legislation: the Patient Protection and Affordable Care Act of 2010, Pub. L. No. 111-148, 124 Stat. 119 (2010) (codified as amended in scattered titles of the U.S.C.) and the Health Care and Education Reconciliation Act of 2010, Pub. L. No. 111-152, 124 Stat. 1029 (2010) (codified as amended in scattered titles of the U.S.C.).

as a dependent prior to the amendment to the County healthcare plan. The trial court then determined that the removal of Schneider's husband from coverage violated Section 1556. Citing *DeGeorge v. Young*, 892 A.2d 48 (Pa. Cmwlth.), *appeal denied*, 906 A.2d 544 (Pa. 2006), the trial court concluded that "where the [C]ounty provides healthcare to the spouses of employees such plan must be offered generally to employees of the county." (R.R. at 107a (emphasis and quotation marks omitted).) Finally, the trial court briefly discussed Schneider's constitutional arguments, but it declined to reach a conclusion on them.

On December 29, 2016, County Appellants filed a motion for post-trial relief, contending that the trial court misapplied Section 1556 of The County Code. Thereafter, Schneider filed a response, arguing that the trial court correctly applied Section 1556. On July 10, 2017, the trial court denied County Appellants' motion for post-trial relief. This appeal followed.

## II. Issues on Appeal

On appeal,[10] County Appellants argue that the trial court erred in its interpretation of Section 1556 of The County Code. Specifically, County Appellants argue that Section 1556 of The County Code provides that elected officers of the County are eligible to participate in benefit plans that are "*offered generally to employees of the county*," and it does not mandate that elected officers receive a benefit that is not generally available to County employees. (Emphasis added.) County Appellants maintain that the change in spousal coverage applies to Schneider in the same manner that it applies to all other County elected officers and non-union

---

[10] Our review of a trial court's decision denying a motion for post-trial relief is limited to determining whether the trial court abused its discretion or committed an error of law. *Kramer v. Port Auth. of Allegheny Cty.*, 876 A.2d 487, 493 n.3 (Pa. Cmwlth.), *appeal denied*, 891 A.2d 735 (Pa. 2005).

7

County employees. Moreover, County Appellants assert that the change in spousal coverage does not violate the Salary and Emoluments Clause, because the County announced the change and the change took effect prior to the start of Schneider's second term. Finally, County Appellants assert that because the limitation on spousal coverage applies indiscriminately to officers and non-union employees, there has been no violation of equal protection.[11]

In response, Schneider argues that the trial court correctly concluded that the spousal coverage limitation violates Section 1556 of The County Code, because Section 1556 provides, in part, that "county officers *and their dependents* shall be eligible for inclusion" in health insurance plans, and, here, some spouses of County employees and County officers receive spousal coverage while others do not. Schneider also argues that County Appellants violated the Salary and Emoluments Clause of the Pennsylvania Constitution by implementing this change after she entered the race for her second term as Prothonotary. Schneider further argues that this result also evinces unlawful discrimination under the United States and Pennsylvania Constitutions. Finally, Schneider argues that the trial court correctly ordered mandamus relief and the reinstatement of her husband's coverage.

---

[11] We note that the County Commissioners' Association (Association) expressed concern in its amicus curiae brief that, from a practical standpoint, were the Court to conclude that the Salary and Emoluments Clause operates to require that a county must maintain the exact same benefits for elected officials as were in place at the time of their election, there would be a detrimental effect on counties as a whole. The Association contends that mandating that particular benefits remain the same during an entire four-year term eliminates a county's bargaining capacity as it relates to healthcare. The Association maintains that a county would have no leverage to negotiate the cost of benefits, leaving them at the mercy of health insurance companies. The Association also expressed concerns that limitations would not be restricted to a single four-year term, due to staggered terms. Finally, the Association expressed concerns that the interplay between the Salary and Emoluments Clause and Section 1556 of The County Code could, theoretically, limit a county's ability to change county employees' benefits.

8

### III. Discussion

When interpreting a statute, this Court is guided by the Statutory Construction Act of 1972, 1 Pa. C.S. §§ 1501-1991, which provides that "[t]he object of all interpretation and construction of all statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa. C.S. § 1921(a). "The clearest indication of legislative intent is generally the plain language of a statute." *Walker v. Eleby*, 842 A.2d 389, 400 (Pa. 2004). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa. C.S. § 1921(b). Only "[w]hen the words of the statute are not explicit" may this Court resort to statutory construction. 1 Pa. C.S. § 1921(c). "A statute is ambiguous or unclear if its language is subject to two or more reasonable interpretations." *Bethenergy Mines, Inc. v. Dep't of Envtl. Prot.*, 676 A.2d 711, 715 (Pa. Cmwlth.), *appeal denied*, 685 A.2d 547 (Pa. 1996). Moreover, "[e]very statute shall be construed, if possible, to give effect to all its provisions." 1 Pa. C.S. § 1921(a). It is presumed "[t]hat the General Assembly intends the entire statute to be effective and certain." 1 Pa. C.S. § 1922(2). Thus, no provision of a statute shall be "reduced to mere surplusage." *Walker*, 842 A.2d at 400. Finally, it is presumed "[t]hat the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable." 1 Pa. C.S. § 1922(1).

> Section 1556 of The County Code provides:
>
> In addition to any other authorized compensation, county commissioners and other *county officers and their dependents* shall be eligible for inclusion in group life, health, hospitalization, medical service and accident insurance plans or other employe benefits, or payments made in lieu of such benefits, paid in whole or in part by the county, *provided such plans, benefits or payments are offered generally to employes of the county*.

(Emphasis added.)

9

In *DeGeorge v. Young*, county auditors worked approximately four months out of the year, for an amount of hours totaling a quarter of the time worked by an average county employee. *DeGeorge*, 892 A.2d at 52. The auditors received health benefits during the four months that they worked, but they did not receive benefits during the remaining months of the year. *Id.* at 51. All other county officers, including those like the county commissioners and jury commissioners who did not work full-time, nonetheless received full-time health benefits. *Id.* at 53. We concluded that the county violated Section 1556 of The County Code. *Id.* at 54. We explained that under Section 1556, county officers are eligible (or qualified) for benefits that are offered generally to county employees. *Id.* at 53. We further explained that while Section 1556 provides discretion to counties to allocate benefits, such discretion is not unlimited. *Id.* We reasoned that because Section 1556 groups county commissioners together with other county officers as to who "shall be eligible" for certain benefits, the county commissioners could not elect to provide benefits to themselves and to some county officers while denying those same benefits to other county officers. *Id.* at 54. As other part-time officers received full-time benefits in *DeGeorge*, it was apparent that the county auditors were singled-out for a reason unrelated to the amount of time that they worked. *Id.* at 53. We held that Section 1556 prohibited county commissioners from "treat[ing] similarly[-]situated [c]ounty officers [(the auditors)] differently than they treat themselves and others." *Id.* at 54.

A year after our decision in *DeGeorge*, this Court again addressed the termination of benefits to county auditors. In *Olson v. Sorg*, 933 A.2d 677 (Pa. Cmwlth. 2007), *appeal denied*, 947 A.2d 738 (Pa. 2008), however, the county auditors were not the only officers whose benefits the county terminated—the

10

county also ceased providing benefits to jury commissioners. *Olson*, 933 A.2d at 678. All full-time county employees in *Olson* received fringe benefits, while the part-time county employees did not. *Id.* We held that the county acted within its discretion in terminating fringe benefits to auditors and jury commissioners. *Id.* at 680. This Court distinguished *DeGeorge* by explaining that the county was not treating similarly-situated county officers differently, because the termination of fringe benefits applied evenly to all part-time county officers (*i.e.*, the auditors and jury commissioners). *Id.* As a result, we held that the county did not violate Section 1556 of The County Code by terminating benefits to county auditors and jury commissioners. *Id.*

This Court reaffirmed the distinction between *DeGeorge* and *Olson* in *Pirillo v. Vanco*, 74 A.3d 366 (Pa. Cmwlth. 2013), *appeal denied*, 87 A.3d 322 (Pa. 2014). In *Pirillo*, the county commissioners eliminated fringe benefits for county auditors and jury commissioners. *Pirillo*, 74 A.3d at 366. Like in *Olson*, no part-time county employees in *Pirillo* received fringe benefits and both the county auditors and the jury commissioners worked for the county part-time. *Id.* at 369. Accordingly, this Court determined that *Olson* (as opposed to *DeGeorge*) was applicable and that under *Olson* the county did not violate Section 1556 of The County Code by terminating fringe benefits for its part-time county officers. *Id.*

Initially, we reiterate, as we did in *DeGeorge*, that Section 1556 of The County Code groups county commissioners with other county officers, and it addresses both in relation to benefits provided to other county employees. Thus, the principal aim of Section 1556 is to limit county officers from providing benefits to themselves but not to other county employees. "[A]s long as those benefits are offered generally to county employees, they can be offered to [c]ounty officers."

11

*DeGeorge*, 892 A.2d at 53. Commissioners, therefore, are limited in the benefit that they themselves can receive by the benefits provided to county employees generally. County commissioners cannot receive greater benefits than the remainder of county employees.

In addition to the principal concern of different benefits for officers than other county employees, *DeGeorge* and its progeny addressed disputes *among* county officers. Within that group (county officers), we have held that Section 1556 of The County Code prohibits county commissioners from providing certain benefits to themselves and certain officers while excluding other similarly-situated officers. In other words, our caselaw interpreting Section 1556 requires a two-step analysis. First, the benefit package provided to county employees generally informs the benefits that officers may receive—*i.e.*, it provides the ceiling for the eligibility of officer benefits. Second, the benefit package provided to county commissioners and certain county officers must be available to all other similarly-situated county officers. There is no contention by either party in this case that County Appellants provided themselves with benefits beyond the benefits provided to County employees generally. Thus, we move to the second step.

Here, we cannot say that County Appellants violated Section 1556 of The County Code where they provided the same amended healthcare plan to all qualifying full-time County employees and, pertinent to this case, all full-time officers. Section 1556 refers to the "health . . . insurance plan[] . . . offered generally to employes of" a county. *See* Section 1556 of The County Code. The parties' joint stipulations provide that County Appellants amended the healthcare plan "to remove from coverage the spouses of employees who have employer-sponsored" healthcare, (R.R. at 25a, ¶ 14), and Schneider is no different than any other County officer

12

subject to that limitation. Crucially, while there is a limitation within the plan itself, all of the County officers receive the same healthcare plan from the County. That the amendment of the healthcare plan *results* in the loss of Schneider's spousal coverage does not negate Schneider's *eligibility* to the same plan as the other officers. This is further evinced by Commissioner Quesenberry, an officer in another position with Elk County, also losing spousal coverage following the amendment. If either Schneider's spouse or Commissioner Quesenberry's spouse did not have access to an employer-sponsored healthcare plan, they would be covered under the amended County plan because the County provided the same plan to Commissioner Quesenberry and Schneider that it provided to the other similarly-situated employees. As the same healthcare plan is available to all similarly-situated Elk County employees, the limitation of spousal coverage does not result in discrimination proscribed by Section 1556.

## IV. Conclusion

The trial court erred in determining that County Appellants violated Section 1556 of The County Code when it amended its County healthcare plan. Accordingly, we reverse the order of the trial court.


_____
P. KEVIN BROBSON, Judge


Judge Fizzano Cannon did not participate in the decision of this case.


13

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Susanne Straub Schneider,                    :
Elk County Prothonotary                      :
                                             :
                                             :
        v.                                   :    No. 1043 C.D. 2017
                                             :
Elk County Board of Commissioners,           :
Janis E. Kemmer, Chairperson                 :
Daniel R. Freeburg, Commissioner             :
Matthew Quesenberry, Commissioner,           :
                        Appellants           :

# **O R D E R**

AND NOW, this 29th day of June, 2018, the order of the Court of Common Pleas of the 59th Judicial District, Elk County Branch is REVERSED.

_____
P. KEVIN BROBSON, Judge