IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Daniel Coudriet, | : |
| | : |
| Petitioner | : |
| | : |
| v. | : No. 1334 C.D. 2022 |
| | : Submitted: May 7, 2024 |
| Pennsylvania Health Insurance | : |
| Exchange Authority d/b/a Pennie, | : |
| | : |
| Respondent | : |

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                   FILED: June 17, 2024


          Daniel Coudriet (Applicant) petitions for review of the order of
Presiding Officer Thomas Blackburn (Dismissal Order) granting the oral motion of
the Pennsylvania Health Insurance Exchange Authority d/b/a Pennie (Pennie) to
dismiss Applicant's Marketplace Eligibility Appeal pursuant to the Health Insurance
Markets Oversight Act (Act).[1]  We affirm.

---

[1] 40 Pa. C.S. §§9101 to 9703.  As it has been recently explained:

> Effective July 2, 2019, a series of statutes designed to provide health
> insurance marketplace oversight, 40 Pa. C.S. §§9101 to 9703,
> became effective.  The [G]eneral [A]ssembly has declared that it is

**(Footnote continued on next page…)**

On May 23, 2022, Applicant filed a Marketplace Eligibility Appeal of Pennie's May 2022 determination regarding his eligibility for a tax credit under the Act. *See* Certified Record (CR) at 2-47. On September 1, 2022, the Presiding Officer conducted a telephonic hearing on Applicant's appeal during which the following was stated on the record:

> [PRESIDING OFFICER]: All right.
>
> As I indicated a moment ago, [Applicant] is not present with us this afternoon and has not called in.
>
> On July 1st of 2022, my office issued a scheduling order for a telephonic hearing in this matter. That notice was mailed to [Applicant] at 1388 Million Dollar Highway in Kersey, PA 15846. And I'll note that the address on the appeal form that had been submitted for [Applicant] was 1388 Million Dollar Highway, Kersey, PA 15846, the

---

necessary to maintain the Commonwealth's sovereignty over the regulation of health insurance in Pennsylvania as permitted by federal law, including the federal acts known as the Patient Protection and Affordable Care Act[,] and that these provisions are intended to meet these requirements while retaining the Commonwealth's authority to regulate health insurance in Pennsylvania (40 Pa. C.S. §9102(3)). The general provisions of this statutory scheme, 40 Pa. C.S. §§9101 to 9103, concern the scope, purpose, and applicable definitional provisions. [Pennie] is established by these statutes, and provision is made for the powers, duties, operations, and limitations of such authority (40 Pa. C.S. §§9301 to 9314).

14 Summ. Pa. Jur.2d Insurance §1:2 (2d ed. 2024); *see also Schneider v. Elk County Board of Commissioners*, 189 A.3d 1120, 1124 n.9 (Pa. Cmwlth. 2018) ("What is customarily referred to as the "Affordable Care Act" consists of two pieces of legislation: the Patient Protection and Affordable Care Act of 2010, Pub. L. No. 111-148, 124 Stat. 119 (2010) (codified as amended in scattered titles of the U.S.C.) and the Health Care and Education Reconciliation Act of 2010, Pub. L. No. 111-152, 124 Stat. 1029 (2010) (codified as amended in scattered titles of the U.S.C.).").

same address. That mailing has not been returned to us by the postal authorities.

The notice of hearing indicated the hearing would be held by telephone on September 1st of 2022, beginning at 2:00 p.m. It's now 2:18 p.m. on September 1st, 2022.

The notice indicated that to participate the parties must dial 267-332-8737 and use access code 341165573. It is my understanding that that is how not only [Pennie's Counsel,] but also our court reporter and Pennie's witness who is present with us this afternoon had been able to access the hearing.

So, it does not appear to me that there's any technological reason why [Applicant] could not have participated in the hearing this afternoon, but I guess I should also note on the record that in addition to not receiving the notice of hearing back in the mail, my office has not received any other contacts for [Applicant]. No request for a continuance or any other thing that might suggest whether or not he would be able to participate in the hearing this afternoon.

[Counsel], do you have anything that could add to that?

[PENNIE'S COUNSEL]: Yes.

I spoke to [Applicant] this morning at about 9:39 a.m. I called him.

We spoke briefly. I reminded him of the hearing today at 2:00 p.m. among other things, but unfortunately it appears that he is not here this afternoon for the hearing.

In addition, as we've been waiting, I've checked Pennie's internal customer messaging systems to see if there's any recent contact from [Applicant] regarding his whereabouts, why he might be running late or why he might be unable to attend. And there's no information in there regarding that.

3

In addition, I checked Pennie's internal appeals inbox to see if there was any communication from [Applicant] about his whereabouts and, again, there's no information there.

Pursuant to [the federal regulations at] 45 C.F.R. Section 155.530[(a)](2)[2] the appeals entity must dismiss an appeal if the [a]ppellant fails to appear at a scheduled hearing without good cause.

Accordingly, we would move to dismiss this appeal.

[PRESIDING OFFICER]:  Thank you, [Counsel].

Based on that recitation of facts, I think it's appropriate to go forward in having the hearing this afternoon for the limited purpose that it is which is really just to put all [of] that on the record.  And also, it appears appropriate to grant Pennie's motion to dismiss in accordance with the federal regulations, which by the way do provide that if someone whose appeal has been dismissed properly speaks up and has good cause for their failure to attend, that the dismissal will be set aside, and they'll be able again [to] pursue the appeal.[3]

So, in light of all that, I will be issuing an order granting Pennie's motion to dismiss.

CR at 62-65.

---

[2] 45 C.F.R. §155.530(a)(2).  Section 155.530(a)(2) of the federal regulations states:  "The appeals entity *must* dismiss an appeal if the appellant . . . [f]ails to appear at a scheduled hearing without good cause[.]"  *Id.* (emphasis added).  Section 9701(a) of the Act authorizes the Pennsylvania Insurance Department and Pennie to "promulgate regulations as may be necessary and appropriate to carry out the provisions of this part."  40 Pa. C.S. §9701(a).  However, Section 9313(1) of the Act provides:  "Until [Pennie] promulgates regulations, [Pennie] shall operate the exchange pursuant to . . . any applicable [f]ederal rules, regulations, or guidance[.]"  40 Pa. C.S. §9313(1).

[3] *See* 45 C.F.R. §155.530(d)(1) ("The appeals entity *must* . . . [v]acate a dismissal and proceed with the appeal *if* the appellant makes a written request within 30 days of the date of the notice of dismissal showing good cause why the dismissal should be vacated[.]") (emphasis added).

4

As a result, on September 2, 2022, the Presiding Officer issued the Dismissal Order granting Pennie's oral motion to dismiss, which states, in relevant part:

### NOTICE OF DISMISSAL

Your Marketplace Eligibility Appeal has been dismissed due to your failure to appear telephonically, without good cause, at a scheduled hearing on September 1, 2022, at 2:00 p.m. As a result, Pennie's previous eligibility determination will remain in effect.

If you wish to have the Dismissal Order vacated, and your appeal reinstated, you must, **within 30 days of the date of this Notice and Order of Dismissal,** provide a written explanation as to why good cause exists to vacate the Dismissal Order. IF YOU DO NOT PROVIDE A WRITTEN EXPLANATION AS TO WHY GOOD CAUSE EXISTS TO VACATE THE DISMISSAL ORDER, THE ORDER WILL BECOME FINAL. Your written explanation, if you choose to provide one, should be emailed to the [P]residing [O]fficer at tblackburn@pa.gov and a copy should also be emailed to Pennie at appeals@pennie.com.

CR at 71 (emphasis in original). Rather than asking Pennie to vacate the Dismissal Order, as instructed, on September 20, 2022, Applicant filed the instant petition for review in this Court.

On appeal,[4] Applicant argues the merits of his Marketplace Eligibility Appeal of Pennie's determination regarding his eligibility for a tax credit under the Act, and outlines the various difficulties that he has had with his computer and

---

[4] Pursuant to Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704, our review is limited to a determination of whether constitutional rights were violated, and whether the decision is in accordance with law and supported by substantial evidence. *See also* Section 9302(a) of the Act, 40 Pa. C.S. §9302(a) ("[Pennie] is established as a State-affiliated entity. The powers and duties of the exchange authority shall be vested in and exercised by a board . . . . Individuals employed by [Pennie] shall be employees of the Commonwealth.").

submitting the appropriate documents to Pennie regarding his eligibility. However, Applicant has failed to preserve any appellate issues for our review regarding the merits of his Marketplace Eligibility Appeal by failing to prosecute his appeal at the telephonic hearing before the Presiding Officer, and by failing to ask Pennie to vacate the Dismissal Order based on good cause for his failure to attend the telephonic hearing.[5] *See, e.g.*, Pa.R.A.P. 1551(a) ("Only questions raised before the government unit shall be heard or considered, except: (1) Questions involving the validity of a statute[;] (2) Questions involving the jurisdiction of the government unit over the subject matter of the adjudication[; and] (3) Questions that the court is satisfied the petitioner could not by the exercise of due diligence have raised before the government unit."); *Singer v. Bureau of Professional and Occupational Affairs, State Board of Psychology*, 633 A.2d 246, 248 (Pa. Cmwlth. 1993) ("Relying upon this rule, this [C]ourt has previously held that commingling claims may be waived if they are not raised before the administrative board. *Dowler v. Public School Employes' Retirement Board*, [620 A.2d 639 (Pa. Cmwlth. 1993)]."); *see also Diskin Enterprises, Inc. v. State Board of Vehicle Manufacturers, Dealers & Salespersons* (Pa. Cmwlth., No. 2389 C.D. 2003, filed December 7, 2004), slip op. at 6 n.8 ("Generally, this court will not consider any question that was not raised before the government unit unless (1) the question involves the validity of a statute, (2) the question involves the government unit's jurisdiction over the subject matter of the adjudication, or (3) this court is satisfied that the petitioner could not, by the exercise

---

[5] *See, e.g.*, *D&R Sports, Inc. v. Commonwealth*, 233 A.3d 1009, 1013 n.5 (Pa. Cmwlth. 2020) ("Although the Commonwealth did not raise the waiver issue, this Court has held that an 'appellate court may *sua sponte* refuse to address an issue raised on appeal that was not raised and preserved below[.]' *Siegfried v. Borough of Wilson*, 695 A.2d 892, 894 (Pa. Cmwlth. 1997).").

of due diligence, have raised the question before the government unit.  Pa.R.A.P. 1551(a); [*Singer*].").

Accordingly, the Presiding Officer's Dismissal Order is affirmed.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel Coudriet, : 
                                 :
               Petitioner : 
                                 :
             v. : No. 1334 C.D. 2022
                                 :
Pennsylvania Health Insurance : 
Exchange Authority d/b/a Pennie, : 
                                 :
             Respondent : 

# **O R D E R**

AND NOW, this 17th day of June, 2024, the decision of the Pennsylvania Health Insurance Exchange Authority d/b/a Pennie dated September 2, 2022, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge